Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
**LAW OFFICE OF MARK E. MERIN**
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:     (916) 443-6911
Facsimile:     (916) 447-8336
E-Mail:         mark@markmerin.com
                 paul@markmerin.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| SUKHWINDER KAUR, individually and as the successor in interest for the Decedent PARMINDER SINGH SHERGILL; KULBINDER KAUR SOHOTA; SARABJIT SINGH SHERGILL,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>CITY OF LODI; CITY OF LODI POLICE DEPARTMENT; MARK HELMS, in his individual capacity as the Chief of Police for the City of Lodi; SCOTT BRATTON, in his individual capacity as a City of Lodi Police Officer; ADAM LOCKIE, in his individual capacity as a City of Lodi Police Officer; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

## **INTRODUCTION**

On January 25, 20145, PARMINDER SINGH SHERGILL ("PARMINDER") was shot and killed by two Lodi City Police Officers while walking in his quiet Lodi neighborhood. His surviving mother, SUKHWINDER KAUR ("MRS. KAUR") and siblings, KULBINDER KAUR SOHOTA ("KULBINDER") and SARABJIT SINGH SHERGILL ("SARABJIT"), bring this action for damages under the 1964 Civil Rights Act (42 U.S.C. § 1983) for violation of rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and applicable provisions of the California State Constitution and statutes as set forth in this Complaint.

1

PARMINDER was an honorably discharged, disabled Gulf War veteran who suffered post-traumatic stress disorder and depression for which he was receiving treatment from a private physician located in Lodi, California, and at the Veterans Affairs Clinic ("Veteran's Clinic") located in French Camp, California. On the morning of January 25, 2014, PARMINDER became anxious and his family wanted him to go to the Veteran's Clinic to receive treatment. As they had done on previous occasions, they contacted the CITY OF LODI POLICE DEPARTMENT to request assistance for the transportation of PARMINDER to the Veteran's Clinic for care and treatment associated with his mental illness. CITY OF LODI Police Officers, SCOTT BRATTON ("BRATTON") and ADAM LOCKIE ("LOCKIE"), responded to PARMINDER's residence and were told that he was not at home, but had gone for a walk, which was a daily activity for PARMINDER. Officers BRATTON and LOCKIE told PARMINDER's family that there was nothing they could do because PARMINDER was not a threat to himself or others, but stated that they would talk to him if they encountered PARMINDER.

After leaving PARMINDER's home, Officers BRATTON and LOCKIE located PARMINDER in a park two (2) blocks away and confronted him, attempted to stop him for questioning, and proceeded to follow him when he did not answer their questions as he walked toward home. When PARMINDER reached the street on which he lived, just a few houses from his home, Officers BRATTON and LOCKIE drew their firearms, and confronted PARMINDER by yelling at him. PARMINDER turned around to face Officers BRATTON and LOCKIE in response. When PARMINDER turned around, Officers BRATTON and LOCKIE opened fire multiple times using their police-issued firearms, killing PARMINDER. PARMINDER was unarmed and did not threaten Officers BRATTON and LOCKIE at the time he was killed by them in front of witnesses who dispute the CITY OF LODI POLICE DEPARTMENT's statement that PARMINDER threatened them by charging them with a knife and that they had to shoot him.

## **JURISDICTION**

1.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 (in that they arise under the United States Constitution); 28 U.S.C. § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities

2

1  secured by the United States Constitution). The Court has supplemental jurisdiction of the state

2  law claims under 28 U.S.C. § 1367.

3      2.     Venue is proper in the United State District Court for the Eastern District of

4  California under 28 U.S.C. § 1391(b) because the Defendants are located in the Eastern District of

5  California and because many of the acts and/or omissions described in this Complaint occurred in

6  this District.

7      3.     Intradistrict venue is proper in the Sacramento Division of the United State District

8  Court for the Eastern District of California under Local Rule 120(d) because the claims set forth in

9  this Complaint arise from acts and/or omissions which occurred in the County of San Joaquin,

10  California.

11      4.     On February 20, 2014, Plaintiffs SUKHWINDER KAUR, KULBINDER KAUR

12  SOHOTA, and SARABJIT SINGH SHERGILL filed a Government Tort Claim against the CITY

13  OF LODI for the wrongful shooting and subsequent death of PARMINDER SINGH SHERGILL.

14                                        **PARTIES**

15      5.     The Decedent, PARMINDER SINGH SHERGILL, was a 43 year old disabled Gulf

16  War veteran at the time of the incident giving rise to this Complaint. PARMINDER graduated

17  from Lodi High School in 1989 and entered active service that same year. PARMINDER was

18  honorably discharged after approximately four (4) years of service, which included service in Iraq

19  during the Gulf War, and returned to the City of Lodi to be with his family and to pursue a college

20  education. On or about 2003, PARMINDER was diagnosed as having schizophrenia, which was

21  treated with medication. Symptoms of his mental illness included depression and agitation from

22  which he suffered periodically. PARMINDER was known by his family, friends, and neighbors to

23  be a kind and gentle man who was never violent, even when he struggled with his mental illness

24  and disability. Prior to being killed on January 25, 2014, PARMINDER enjoyed a routine morning

25  walk to Thomas A. Peterson Park ("Park"), which included greeting his neighbors on his way to

26  and from the Park located around the corner from his family home.

27      6.     Plaintiff SUKHWINDER KAUR is the mother of the Decedent, PARMINDER

28  SINGH SHERGILL, and his successor in interest. PARMINDER was MRS. KAUR's oldest son;

3

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Kaur v. City of Lodi*; United States District Court, Eastern District of California, Case No. _____

1  she has two other children, KULBINDER and SARABJIT, who are also Plaintiffs in this lawsuit.

2  MRS. KAUR's husband passed away in 2003. On or about 2003, PARMINDER began living with

3  his mother, MRS. KAUR, and other family members in her family home ("Family Home") located

4  at 23 Elderica Way, Lodi, California. MRS. KAUR had a very close relationship with

5  PARMINDER. Living in the same home permitted MRS. KAUR and PARMINDER to have

6  prolonged, daily contact which they both enjoyed. PARMINDER helped his mother, MRS.

7  KAUR, and his other family members, including, without limitation, siblings, nieces, and nephews

8  with family chores.

9      7.     KULBINDER KAUR SOHOTA is PARMINDER's older sister and lived only a

10  few blocks away from the Family Home. KULBINDER had a close relationship with

11  PARMINDER and they would frequently visit, associate, and converse with each other and

12  participated together in family and community events.

13     8.     SARABJIT SINGH SHERGILL is the younger brother of PARMINDER and lived

14  with MRS. KAUR in the Family Home with his wife and their children. SARABJIT and

15  PARMINDER had a close personal relationship. Living together permitted SARABJIT and

16  PARMINDER to became very close and allowed them to frequently visit, associate, and converse

17  with each other.

18     9.     The CITY OF LODI is a "public entity" within the definition of California

19  Government Code section 811.2. Pursuant to California Government Code section 945, public

20  entities are subject to suit.

21     10.    The CITY OF LODI POLICE DEPARTMENT ("L.P.D.") is a department of the

22  CITY OF LODI. The L.P.D. is a "public entity" within the definition of California Government

23  Code section 811.2. Pursuant to California Government Code section 945, public entities are

24  subject to suit.

25     11.    MARK HELMS ("HELMS") is, and at all times relevant to this Complaint was, the

26  Chief of Police for the L.P.D. employed by the CITY OF LODI. HELMS possesses policy-making

27  authority for the L.P.D. and is responsible for the implementation and maintenance of L.P.D.

28  policies, including, without limitation, policies relating to the use of force and relating to contacts

4

1   with persons suffering from mental illness-related disabilities. HELMS is also responsible for the

2   supervision and training of L.P.D. officers under his command. HELMS is sued in his individual

3   capacity.

4         12.    SCOTT BRATTON is, and at all times relevant to this Complaint was, a police

5   officer for the L.P.D. employed by the CITY OF LODI. BRATTON is sued in his individual

6   capacity.

7         13.    ADAM LOCKIE is, and at all times relevant to this Complaint was, a police officer

8   for the L.P.D. employed by the CITY OF LODI. LOCKIE is sued in his individual capacity.

9         14.    DOES 1 through 50 are and/or were the agents or employees of the CITY OF LODI

10   or the County of San Joaquin and acted within the scope of that agency or employment

11   relationship. The true and correct names of DOES 1 through 50 are not yet known to Plaintiff who

12   sues the Defendants by their fictitious names. Plaintiff will substitute the true and correct names of

13   these Defendants when ascertained.

14   **GENERAL FACTUAL ALLEGATIONS**

15         15.    PARMINDER experienced the symptoms of his mental illness periodically since

16   2003 when he was diagnosed as a schizophrenic. When manifesting symptoms of his mental

17   illness, PARMINDER would become depressed and anxious, but he never exhibited any violent

18   tendencies or threatened violence to himself or others. At times, PARMINDER's illness

19   manifested itself when he failed to take his prescribed medication, and it was then that family

20   members sought assistance from the L.P.D. to transport him to the Veteran's Clinic for treatment.

21         16.    Prior to January 25, 2014, various members of PARMINDER's extended family

22   contacted police, social workers, and Veterans Affair employees on multiple occasions for

23   assistance in obtaining care and treatment for PARMINDER's mental illness. L.P.D. was

24   dispatched and contacted PARMINDER's family on at least two occasions prior to January 25,

25   2014, specifically to assist PARMINDER and his family with PARMINDER's mental illness.

26         17.    On January 25, 2014, PARMINDER manifested the symptoms of his mental illness.

27         18.    PARMINDER's family, including MRS. KAUR, concluded that PARMINDER

28   was in need of psychiatric care and treatment. Kuldeep Shergill ("Kuldeep"), who is MRS.

5

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Kaur v. City of Lodi*; United States District Court, Eastern District of California, Case No. _____

1 KAUR's daughter-in-law and PARMINDER's sister-in-law, called 9-1-1 to request assistance in

2 transporting PARMINDER to the Veteran's Clinic.

3   19.   During the telephone call to 9-1-1, Kuldeep explained that PARMINDER was

4 disabled, manifesting symptoms of his mental illness, and needed to be transported to the

5 Veteran's Clinic where he could obtain care and treatment for his disability.

6   20.   Dispatch told Kuldeep that officers would be sent to the Family Home. The

7 dispatcher informed Kuldeep that they had received a similar call regarding PARMINDER in

8 October 2013.

9   21.   Before officers arrived, PARMINDER left the Family Home to walk to the Park.

10 Walking to the Park was a morning routine for PARMINDER.

11   22.   L.P.D. Police Officers BRATTON and LOCKIE arrived and contacted MRS.

12 KAUR, SARABJIT, and Kuldeep at the front door of the Family Home.

13   23.   The family told Officers BRATTON and LOCKIE that PARMINDER had left the

14 Family Home. Kuldeep provided Officers BRATTON and LOCKIE with the same information she

15 had provided to the dispatcher which was that PARMINDER was presently suffering from mental

16 illness and needed to be transported to the Veteran's Clinic for care and treatment.

17   24.   Officers BRATTON and LOCKIE told the family that there was nothing they could

18 do because PARMINDER was not home and had not threatened violence to himself or others.

19 Officers BRATTON and LOCKIE asked Kuldeep if PARMINDER was in the area. Kuldeep told

20 Officers BRATTON and LOCKIE that PARMINDER routinely walked to the Park in the morning,

21 and that PARMINDER may be in the area.

22   25.   Officers BRATTON and LOCKIE told Kuldeep that if they saw PARMINDER

23 they would try to talk with him. Officers BRATTON and LOCKIE left the Family Home.

24   26.   Officers BRATTON and LOCKIE saw PARMINDER while he was walking

25 through the Park and attempted to detain him.

26   27.   Officers BRATTON and LOCKIE had no probable cause or reasonable suspicion to

27 arrest, detain, search, or order PARMINDER to submit to questioning.

28

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Kaur v. City of Lodi*; United States District Court, Eastern District of California, Case No. _____

28.     PARMINDER walked past the officers, crossed the street at Evergreen Drive, and began to walk along the south sidewalk of Elderica Way towards his Family Home.

29.     Officers BRATTON and LOCKIE pursued PARMINDER with their weapons drawn, following closely behind him, and demanding that he stop and submit to their questioning as he walked towards his Family Home. As Officers BRATTON and LOCKIE followed PARMINDER as he walked to his Family Home, the Officers repeatedly asked PARMINDER questions and demanded that he stop and answer their questions.

30.     When PARMINDER was a few house-lengths away from the driveway of his Family Home, Officers BRATTON and LOCKIE yelled at PARMINDER to "Stop!" PARMINDER responded to Officer BRATTON and LOCKIE's commands by turning around to face them.

31.     Approximately 20 feet separated PARMINDER from Officers BRATTON and LOCKIE when PARMINDER turned around to face Officers BRATTON and LOCKIE. PARMINDER had his hands up and yelled "Don't shoot!"

32.     Officers BRATTON and LOCKIE then shot and killed PARMINDER, with witnesses counting 14 shell casings immediately after the killing. PARMINDER fell to the ground, landing in the gutter in front of the driveway of the home located at 62 Elderica Way, Lodi, California.

33.     While PARMINDER was dying in the gutter, Officers BRATTON and LOCKIE began to search PARMINDER's body, throwing various items which were in PARMINDER's pockets onto the nearby sidewalk and street.

34.     Upon hearing the loud, multiple gunshots, PARMINDER's younger brother, SARABJIT, exited the Family Home. SARABJIT saw his brother, PARMINDER, laying in the gutter and ran towards PARMINDER.

35.     Officers BRATTON and LOCKIE yelled at SARABJIT to "Go home!" SARABJIT stated "That's my brother" to Officers BRATTON and LOCKIE. Officers BRATTON and LOCKIE told SARABJIT to go back to his Family Home and wait there for police to come and

speak with him. SARABJIT followed Officer BRATTON and LOCKIE's instructions, and went back to the Family Home.

36.     An ambulance arrived at the scene and took PARMINDER's body away.

37.     PARMINDER was pronounced dead upon arrival at the hospital.

38.     L.P.D. officers contacted neighbors and other potential witnesses in the immediate area of the shooting to obtain statements from those witnesses as to what they saw and heard prior to, during, and after the shooting of PARMINDER occurred.

39.     Later that same day, through Chief of Police HELMS, the L.P.D. issued a press statement regarding the shooting and PARMINDER's subsequent death. The statement was delivered by L.P.D. Lieutenant Sierra Brucia to members of the media, and included the following statements:

- "During their contact, [PARMINDER] charged the officers with the knife, and the officers were forced to shoot him."

- "This is [the] very early stages, but our officers had no choice. And that's what I want to make clear at this point. Because of the suspect's actions, our officers had no choice and they had to shoot him."

40.     The above-referenced statements are false, unsupported, and directly contradicted statements made by multiple witnesses whose accounts L.P.D. officers obtained earlier that same day.

41.     Even though it has been two (2) months from the day of the shooting, no statements taken by the police or their investigators have been released. No police report or photographs of the scene, and no statements by Officers BRATTON or LOCKIE have been produced, even though these have been requested on numerous occasions and political representatives have written to L.P.D. requesting that these records and documents be produced. An autopsy was performed, but neither the identity of the pathologist employed by the County of San Joaquin to conduct the autopsy nor the autopsy report have been released to the next of kin. PARMINDER's property which was taken from the Family Home after the shooting, without a warrant, and personal effects

8

that were recovered from his person when he was killed, have not been returned despite written and verbal requests request for them.

### CITY OF LODI POLICE DEPARTMENT'S POLICIES

42.     City of Lodi Ordinance 2.24.020 requires the CITY OF LODI to "adhere to the standards for recruitment and training established by the State Commission on Peace Officer Standards and Training."

43.     Acting as the L.P.D. Chief of Police, HELMS is responsible for the implementation and maintenance of various L.P.D. policies related to the supervision and training of L.P.D.'s police officers. Specifically, Chief HELMS is responsible for L.P.D.'s policies related to use of force and its officers' contacts with persons suffering from mental illness-related disabilities.

44.     Prior to January 25, 2014, Chief HELMS failed to implement and/or to maintain an adequate L.P.D. policy related to officer contacts with individuals suffering from mental illness-related disability and the use of force on these individuals. Chief HELMS was either aware of the non-existence or inadequacy of a policy, believing, mistakenly, that it was not necessary or was deliberately indifferent to the non-existence of, or inadequacy of, this type of important policy. Regardless of the existence of a policy relating to how officers should interact with mentally ill persons, Chief HELMS failed to train and/or to supervise L.P.D. police officers on the necessary skills including, without limitation:

a)     how to approach persons suffering from mental illness;

b)     how to speak to persons suffering from mental illness;

c)     how to interact with persons suffering from mental illness (including using appropriate body language and tone of voice);

d)     how to respect the personal space of persons suffering from mental illness;

e)     reasonably how to accommodate the disability of persons suffering from mental illness; and

f)     how to deescalate, without use of force, incidents involving persons suffering from mental illness.

9

45.     Chief HELMS' failure to implement and/or to maintain this type of policy resulted in the inadequate training and/or supervision of L.P.D. officers who contacted persons suffering from mental illness. Specifically, Chief HELMS' acquiescence in, and/or deliberate indifference to, the maintenance of an adequate policy contributed to the unreasonable use of force used against PARMINDER which resulted in his death.

## FIRST CLAIM

**Excessive Force**
**(Fourth & Fourteenth Amendments to the U.S. Constitution; 42 U.S.C. § 1983)**

**Asserted by Plaintiff SUKHWINDER KAUR, as successor in interest for the Decedent PARMINDER SINGH SHERGILL; against Defendants CITY OF LODI, CITY OF LODI POLICE DEPARTMENT, MARK HELMS, SCOTT BRATTON, ADAM LOCKIE, and DOES 1 through 50**

46.     Plaintiffs reallege and incorporate the allegations of each and every preceding paragraph of this Complaint, to the extent relevant, as if fully set forth in this Claim.

47.     All wrongful acts described above and in this Claim by the Defendants were inflicted under color of law and under color of official authority and/or in concert with, or on behalf of, those acting under color of official authority.

48.     The survivor of an individual killed as a result of an officer's excessive use of force may assert Fourth and Fourteenth Amendment claims on that deceased individual's behalf, if the relevant state's law authorizes a survival action. Under California law, "a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period." Cal. Code Civ. Proc. § 377.20. "A cause of action that survives the death of the person entitled to commence an action or proceeding passes to the decedent's successor in interest...and an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest." Cal. Code Civ. Proc. § 377.30.

49.     Plaintiff MRS. KAUR is the successor in interest of the Decedent, PARMINDER. Therefore, Plaintiff MRS. KAUR is entitled to recover for the violation of PARMINDER's Fourth and Fourteenth Amendment rights and collect damages for which he would have been entitled to recover had he survived.

10

50.     As incorporated through the Fourteenth Amendment, the Fourth Amendment prohibits the use of excessive force to effectuate the unreasonable seizure of a person.

51.     Defendants BRATTON and LOCKIE employed excessive and deadly use of force unreasonably to seize PARMINDER when Defendants BRATTON and LOCKIE shot and killed PARMINDER while he was unarmed and presented no immediate danger to Defendants BRATTON and LOCKIE or to the general public. Defendant BRATTON and LOCKIE's unreasonable seizure of PARMINDER violated his Fourth and Fourteenth Amendment rights.

52.     Under the Fourth and Fourteenth Amendments, a public entity is liable for an isolated constitutional violation if its policymaker ratified the actions of the subordinate who committed the violation.

53.     Defendants CITY OF LODI and L.P.D., acting through its Chief of Police, Defendant HELMS, who is an employee with authority to establish policy with respect to the subject matter of the L.P.D.'s decisions, ratified the violation of PARMINDER's Fourth and Fourteenth Amendment rights by its Officers, Defendants BRATTON and LOCKIE, when the CITY OF LODI and the L.P.D. issued a press statement the same day of PARMINDER's killing, stating that Defendant BRATTON and LOCKIE's actions in the shooting of PARMINDER were justified because PARMINDER "charged the officers with the knife, and the officers were forced to shoot him." Defendants CITY OF LODI and L.P.D. approved of Defendant BRATTON and LOCKIE's decision to kill PARMINDER, and approved Defendant BRATTON and LOCKIE's basis for making the decision. Defendant CITY OF LODI and L.P.D.'s decision to ratify the unreasonable killing of PARMINDER violated his Fourth and Fourteenth Amendment rights.

54.     As a direct and proximate result of the Defendants' actions, PARMINDER suffered injuries entitling Plaintiff MRS. KAUR, as PARMINDER'S successor in interest, to receive compensatory damages against all Defendants to this Claim, and punitive damages against Defendants HELMS, BRATTON, and LOCKIE.

WHEREFORE, Plaintiffs pray for relief as hereunder appears.

11

## SECOND CLAIM

### Inadequate Training and Supervision
### (Fourteenth Amendment to the U.S. Constitution; 42 U.S.C. § 1983)

**Asserted by Plaintiff SUKHWINDER KAUR, as successor in interest for the Decedent PARMINDER SINGH SHERGILL; against Defendants CITY OF LODI, CITY OF LODI POLICE DEPARTMENT, MARK HELMS, and DOES 1 through 50**

55.     Plaintiffs reallege and incorporate the allegations of each and every preceding paragraph of this Complaint, to the extent relevant, as if fully set forth in this Claim.

56.     The Due Process Clause of the Fourteenth Amendment is violated when a public entity's training or supervision is sufficiently inadequate that it constitutes "deliberate indifference" to the rights of persons with whom its officers come into contact.

57.     Defendant Chief HELMS acquiesced in, and/or was deliberately indifferent to, the implementation or maintenance of an inadequate policy relating to the training and/or supervision of L.P.D. officers regarding contacts with person suffering from mental illness, as described above.

58.     Defendants CITY OF LODI and L.P.D. maintained a policy and practice of inadequately training and/or supervising its police officers responsible for contacting persons suffering from mental illness, so that those Defendants were deliberately indifferent to the needs of persons suffering from mental illness. The inadequacy of the policy was the moving force behind Defendants BRATTON and LOCKIE's violation of PARMINDER's Fourth and Fourteenth Amendment rights.

59.     As a direct and proximate result of Defendants' actions, PARMINDER suffered injuries entitling Plaintiff MRS. KAUR, as PARMINDER'S successor in interest, to receive compensatory damages against all Defendants to this Claim, and punitive damages against Defendant Chief HELMS.

WHEREFORE, Plaintiffs pray for relief as hereunder appears.

12

## THIRD CLAIM

**Unreasonable Provocation**
**(Fourth & Fourteenth Amendments to the U.S. Constitution; 42 U.S.C. § 1983)**

**Asserted by Plaintiff SUKHWINDER KAUR, as successor in interest for the Decedent PARMINDER SINGH SHERGILL; against Defendants SCOTT BRATTON, ADAM LOCKIE, and DOES 1 through 50**

60.     Plaintiffs reallege and incorporate the allegations of each and every preceding paragraph of this Complaint, to the extent relevant, as if fully set forth in this Claim.

61.     As incorporated through the Fourteenth Amendment, the Fourth Amendment prohibits a police officer's intentional or reckless provocation of a person which leads to a violent confrontation.

62.     Defendants BRATTON and LOCKIE, unreasonably, intentionally, and/or recklessly provoked PARMINDER when they were aware that PARMINDER was suffering from a mental illness, and confronted, followed, and harassed PARMINDER, without probable cause or reasonable suspicion, as PARMINDER attempted to walk to his Family Home from the Park. Defendants BRATTON and LOCKIE yelled at PARMINDER to "Stop!" as he walked along Elderica Way towards his Family Home, causing PARMINDER to turn and face Defendants BRATTON and LOCKIE immediately before their use of deadly force against PARMINDER. Defendant BRATTON and LOCKIE's provocation of PARMINDER intentionally and/or recklessly led to the shooting and subsequent death of PARMINDER, in violation of PARMINDER's Fourth and Fourteenth Amendment rights. Defendant BRATTON and LOCKIE's provocation of PARMINDER was an independent violation of PARMINDER's rights, separate from the unreasonable use of deadly force.

63.     As a direct and proximate result of Defendant BRATTON and LOCKIE's actions, PARMINDER suffered injuries entitling Plaintiff MRS. KAUR, as PARMINDER'S successor in interest, to receive compensatory and punitive damages against Defendants BRATTON and LOCKIE.

WHEREFORE, Plaintiffs pray for relief as hereunder appears.

13

# FOURTH CLAIM

### Failure to Accommodate Disability
### (Title II of the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.*)

### Asserted by Plaintiff SUKHWINDER KAUR, as successor in interest for the Decedent PARMINDER SINGH SHERGILL; against Defendants CITY OF LODI, CITY OF LODI POLICE DEPARTMENT, and DOES 1 through 50

64.     Plaintiffs reallege and incorporate the allegations of each and every preceding paragraph of this Complaint, to the extent relevant, as if fully set forth in this Claim.

65.     Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Discrimination includes a failure to reasonably accommodate a person's disability. "A public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7).

66.     PARMINDER was a qualified individual with a disability under Title II of ADA, and was suffering from a mental illness-related disability at the time of the incident giving rise to this action. The CITY OF LODI and L.P.D. are public entities under Title II of ADA.

67.     Defendants BRATTON and LOCKIE knew that PARMINDER was suffering from a mental illness-related disability at the time they contacted, followed, provoked, and subsequently shot PARMINDER to death. Despite Defendant BRATTON and LOCKIE's knowledge of PARMINDER's disability and his need for care and treatment, they failed to make reasonable modification to their policies and practices when modification was necessary to avoid a violent confrontation with PARMINDER because of his disability. Defendants BRATTON and LOCKIE were deliberately indifferent to PARMINDER's need for care and treatment based upon his disability.

68.     Defendants CITY OF LODI and L.P.D. are public entities which were on notice of PARMINDER's disability, prior to dispatching Defendants BRATTON and LOCKIE to

14

1    PARMINDER's Family Home. Therefore, Defendants CITY OF LODI and L.P.D. are vicariously

2    liable for the deliberately indifferent actions of its Officers, Defendants BRATTON and LOCKIE,

3    who failed to provide reasonable accommodation to PARMINDER before employing deadly and

4    unreasonable force.

5        69.    As a direct and proximate result of Defendants' actions, PARMINDER suffered

6    injuries entitling Plaintiff MRS. KAUR, as PARMINDER'S successor in interest, to receive

7    compensatory damages.

8        WHEREFORE, Plaintiffs pray for relief as hereunder appears.

9                                    **FIFTH CLAIM**

10                      **Deprivation of Familial Association**
      **(Fourteenth Amendment to the U.S. Constitution; 42 U.S.C. § 1983)**

11   **Asserted by Plaintiff SUKHWINDER KAUR, individually; against Defendants SCOTT**
                 **BRATTON, ADAM LOCKIE, and DOES 1 through 50**

12

13       70.    Plaintiffs reallege and incorporate the allegations of each and every preceding

14   paragraph of this Complaint, to the extent relevant, as if fully set forth in this Claim.

15       71.    The Due Process Clause of the Fourteenth Amendment provides protection for a

16   liberty interest in the familial relationship between a parent and her child. The deprivation of a

17   liberty interest in a manner which "shocks the conscience" is a substantive violation of rights

18   protected by the Fourteenth Amendment.

19       72.    Plaintiff MRS. KAUR is the mother of the Decedent, PARMINDER, and possesses

20   a liberty interest in her familial relationship with PARMINDER. Defendant BRATTON and

21   LOCKIE's unreasonable use of deadly force against PARMINDER deprived Plaintiff MRS.

22   KAUR of her interest in familial association, companionship, and society with her son in a manner

23   which "shocks the conscience," in violation of her substantive due process rights guaranteed by the

24   Fourteenth Amendment. Defendant BRATTON and LOCKIE's actions were deliberately

25   indifferent to Plaintiff MRS. KAUR's Fourteenth Amendment right to familial companionship and

26   society with PARMINDER.

27

28

15

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Kaur v. City of Lodi*; United States District Court, Eastern District of California, Case No. _____

73.     As a direct and proximate result of Defendant BRATTON and LOCKIE's actions, Plaintiff MRS. KAUR suffered injuries entitling her to receive compensatory and punitive damages against Defendants BRATTON and LOCKIE.

WHEREFORE, Plaintiffs pray for relief as hereunder appears.

## SIXTH CLAIM

**Deprivation of Association**
**(First & Fourteenth Amendment to the U.S. Constitution; 42 U.S.C. § 1983)**

**Asserted by Plaintiffs SUKHWINDER KAUR, individually, KULBINDER KAUR SOHOTA, and SARABJIT SINGH SHERGILL; against Defendants SCOTT BRATTON, ADAM LOCKIE, and DOES 1 through 50**

74.     Plaintiffs reallege and incorporate the allegations of each and every preceding paragraph of this Complaint, to the extent relevant, as if fully set forth in this Claim.

75.     As incorporated through the Fourteenth Amendment, the First Amendment confers the right to continued association with others. Specifically, the First Amendment protects certain intimate human relationships that presuppose deep attachments and commitments to the necessarily few other individuals with whom one shares not only a special community of thoughts, experiences, and beliefs, but also distinctively personal aspects of one's life.

76.     Plaintiffs MRS. KAUR, KULBINDER, and SARABJIT did share an intimate human relationship with their son/brother PARMINDER, such that their First Amendment rights to continued association with PARMINDER were violated when PARMINDER was killed by Defendants BRATTON and LOCKIE. Defendant BRATTON and LOCKIE's actions were deliberately indifferent to Plaintiff MRS. KAUR, KULBINDER, and SARABJIT's First Amendment rights to continued association with PARMINDER.

77.     As a direct and proximate result of Defendant BRATTON and LOCKIE's actions, Plaintiffs MRS. KAUR, KULBINDER, and SARABJIT suffered injuries entitling them to receive compensatory and punitive damages against Defendants BRATTON and LOCKIE.

WHEREFORE, Plaintiffs pray for relief as hereunder appears.

16

## SEVENTH CLAIM

**Negligence (Survival Action)**
**(California Code of Civil Procedure section 377.30;**
**California Government Code sections 815.2 and 820)**

**Asserted by Plaintiff SUKHWINDER KAUR, as successor in interest for the Decedent PARMINDER SINGH SHERGILL; against Defendants CITY OF LODI, CITY OF LODI POLICE DEPARTMENT, SCOTT BRATTON, ADAM LOCKIE, and DOES 1 through 50**

78.     Plaintiffs reallege and incorporate the allegations of each and every preceding paragraph of this Complaint, to the extent relevant, as if fully set forth in this Claim.

79.     Pursuant to California Government Code section 820, public employees are liable for their acts or omissions to the same extent as that of a private person. Pursuant to California Government Code section 815.2(a), a public entity is vicariously liable for the torts of its employees committed within the course and scope of their employment.

80.     Defendants BRATTON and LOCKIE, while acting within the course and scope of their duties as police officers employed by the CITY OF LODI and L.P.D., owed PARMINDER a duty of care to act reasonably when using deadly force against him.

81.     Defendant BRATTON and LOCKIE's use of deadly force against PARMINDER was unreasonable and breached the duty of due care owed to PARMINDER.

82.     Defendants CITY OF LODI and L.P.D. are generally liable through the principles of respondeat superior/vicarious liability for injuries proximately caused by acts or omissions of their employees acting in the scope of their employment.

83.     As a direct and proximate result of Defendants' actions, PARMINDER suffered injuries entitling Plaintiff MRS. KAUR, as PARMINDER'S successor in interest, to receive compensatory damages against all Defendants to this Claim, and punitive damages against Defendants BRATTON and LOCKIE.

WHEREFORE, Plaintiffs pray for relief as hereunder appears.

## EIGHTH CLAIM

**Negligence (Wrongful Death)**
**(California Code of Civil Procedure section 377.60;**
**California Government Code sections 815.2 and 820)**

**Asserted by Plaintiff SUKHWINDER KAUR, individually; against Defendants CITY OF LODI, CITY OF LODI POLICE DEPARTMENT, SCOTT BRATTON, ADAM LOCKIE, and DOES 1 through 50**

84.     Plaintiffs reallege and incorporate the allegations of each and every preceding paragraph of this Complaint, to the extent relevant, as if fully set forth in this Claim.

85.     Defendants BRATTON and LOCKIE, while acting within the course and scope of their duties as police officers employed by the CITY OF LODI and L.P.D., owed PARMINDER a duty of care to act reasonably when using deadly force against him.

86.     Defendant BRATTON and LOCKIE's use of deadly force against PARMINDER was unreasonable and breached the duty of due care owed to PARMINDER.

87.     Defendants CITY OF LODI and L.P.D. are generally liable through the principles of respondeat superior/vicarious liability for injuries proximately caused by acts or omissions of their employees acting in the scope of their employment.

88.     As a direct and proximate result of Defendants' actions, Plaintiff MRS. KAUR suffered injuries entitling her to receive compensatory damages against all Defendants to this Claim, and punitive damages against Defendants BRATTON and LOCKIE.

WHEREFORE, Plaintiffs pray for relief as hereunder appears.

## NINTH CLAIM

**Negligent Infliction of Emotional Distress**
**(California Government Code sections 815.2 and 820)**

**Asserted by Plaintiff SUKHWINDER KAUR, as successor in interest for the Decedent PARMINDER SINGH SHERGILL; against Defendants CITY OF LODI, CITY OF LODI POLICE DEPARTMENT, SCOTT BRATTON, ADAM LOCKIE, and DOES 1 through 50**

89.     Plaintiffs reallege and incorporate the allegations of each and every preceding paragraph of this Complaint, to the extent relevant, as if fully set forth in this Claim.

90.     Defendants BRATTON and LOCKIE, while acting within the course and scope of their duties as police officers employed by the CITY OF LODI and L.P.D., engaged in extreme

18

1  and outrageous conduct with the intent to cause, or with reckless disregard for the probability of

2  causing, emotional distress, when they unreasonably contacted, followed, provoked, and

3  subsequently shot PPARMINDER to death.

4       91.    PARMINDER suffered extreme or severe emotional distress at the hands of

5  Defendant BRATTON and LOCKIE's harassing behavior immediately before his death.

6       92.    Defendant BRATTON and LOCKIE's extreme and outrageous conduct of

7  harassing, threatening, and subsequently shooting PARMINDER was the actual and proximate

8  cause of PARMINDER's extreme or severe emotional distress.

9       93.    Defendants CITY OF LODI and L.P.D. are generally liable through the principles

10  of respondeat superior/vicarious liability for injuries proximately caused by acts or omissions of

11  their employees acting in the scope of their employment.

12       94.    As a direct and proximate result of Defendants' actions, PARMINDER suffered

13  injuries entitling Plaintiff MRS. KAUR, as PARMINDER'S successor in interest, to receive

14  compensatory damages against all Defendants to this Claim, and punitive damages against

15  Defendants BRATTON and LOCKIE.

16       WHEREFORE, Plaintiffs pray for relief as hereunder appears.

17  **<u>TENTH CLAIM</u>**

18  **Interference with Civil Rights**
**(California Civil Code section 52.1; California Government Code sections 815.2 and 820)**

19
20  **Asserted by Plaintiff SUKHWINDER KAUR, as successor in interest for Decedent PARMINDER SINGH SHERGILL; against Defendants CITY OF LODI, CITY OF LODI POLICE DEPARTMENT, SCOTT BRATTON, ADAM LOCKIE, and DOES 1 through 50**

21
22       95.    Plaintiffs reallege and incorporate the allegations of each and every preceding

23  paragraph of this Complaint, to the extent relevant, as if fully set forth in this Claim.

24       96.    Codified as California Civil Code section 52.1, the Bane Act provides a cause of

25  action for interference with constitutional rights through "threats, intimidation, or coercion."

26  Article I, section 13 of the California Constitution prohibits the excessive use of force to effectuate

27  the unreasonable seizure of a person.

28

19

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Kaur v. City of Lodi*; United States District Court, Eastern District of California, Case No. _____

97.     Defendants BRATTON and LOCKIE, while acting within the course and scope of their duties as police officers employed by the CITY OF LODI and L.P.D., interfered with PARMINDER's constitutional rights secured by the Fourth and Fourteenth Amendments to the U.S. Constitution, the California State Constitution, and the ADA, as described above, through "threats, intimidation, or coercion," including, without limitation, verbal directions, orders, and instructions directed at PARMINDER, without probable cause or reasonable suspicion. Additionally, Defendants' following, and harassing behavior, climaxing in the brandishing of firearms and subsequent use of deadly force to kill PARMINDER constitutes an interference with PARMINDER's civil rights through "threats, intimidation, or coercion."

98.     Defendants CITY OF LODI and L.P.D. are generally liable through the principles of respondeat superior/vicarious liability for injuries proximately caused by acts or omissions of their employees acting in the scope of their employment.

99.     As a direct and proximate result of Defendants' actions, PARMINDER suffered injuries entitling Plaintiff MRS. KAUR, as PARMINDER'S successor in interest, to receive compensatory damages against all Defendants to this Claim, and punitive damages against Defendants BRATTON and LOCKIE. Additionally, Plaintiff MRS. KAUR is entitled to statutory damages and attorneys' fees available under California Civil Code section 52.1.

WHEREFORE, Plaintiffs pray for relief as hereunder appears.

## PRAYER

WHEREFORE, Plaintiffs seeks relief from this Court as follows:

1.     For compensatory, general, and special damages in an amount according to proof;

2.     For exemplary/punitive damages against Defendants HELMS, BRATTON, and LOCKIE, in an amount sufficient to deter and to make an example of them, because Defendants HELMS, BRATTON and LOCKIE engaged, directly and through the creation of policies and practices, in purposeful conduct as alleged in this Complaint, constituting malice, oppression, and great harm to the Decedent, PARMINDER, and Plaintiffs MRS. KAUR, KULBINDER, and SARABJIT, depriving them of their rights to fair and equal treatment under the laws, all without lawful justification;

20

1    3.    For attorneys' fees as provided by law, pursuant to 42 U.S.C. § 1988, Cal. Code

2  Civ. Proc. § 1021.5, Cal. Civ. Code § 52.1, and any other statutes as may be applicable;

3    4.    For costs of suit; and

4    5.    For any other and further relief as the Court may deem just and proper.

5  DATED: April 3, 2014                              Respectfully Submitted,

6

7

8                                                    By:_____
                                                          Mark E. Merin (SBN 043849)
9                                                         Paul H. Masuhara (SBN 289805)
                                                          **LAW OFFICE OF MARK E. MERIN**
10                                                        1010 F Street, Suite 300
                                                          Sacramento, California 95814
11                                                        Telephone:    (916) 443-6911
                                                          Facsimile:    (916) 447-8336
12
                                                          Attorneys for Plaintiffs
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Kaur v. City of Lodi*; United States District Court, Eastern District of California, Case No. _____

1

## **DEMAND FOR A JURY TRIAL**

2       A JURY TRIAL IS DEMANDED on behalf of Plaintiffs SUKHWINDER KAUR,

3  KULBINDER KAUR SOHOTA, and SARABJIT SINGH SHERGILL.

4  DATED: April 3, 2014                                    Respectfully Submitted,

5

6

7                                                          By:_____

8                                                          Mark E. Merin (SBN 043849)
                                                           Paul H. Masuhara (SBN 289805)
9                                                          **LAW OFFICE OF MARK E. MERIN**
                                                           1010 F Street, Suite 300
10                                                         Sacramento, California 95814
                                                           Telephone:     (916) 443-6911
11                                                         Facsimile:     (916) 447-8336

12                                                         Attorneys for Plaintiffs

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Kaur v. City of Lodi*; United States District Court, Eastern District of California, Case No. _____