UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUKHWINDER KAUR, ET AL., | No. 2:14-cv-0828 GEB AC |
| Plaintiffs, | |
| v. | ORDER |
| CITY OF LODI, ET AL., | |
| Defendants. | |

On May 21, 2014, the court held a hearing on plaintiffs' motion for expedited discovery. Paul Masuhara appeared for plaintiffs. Bruce Kilday appeared for City of Lodi, the City of Lodi Police Department, and Mark Helms. Mark Berry appeared for Scott Bratton and Adam Lockie. On review of the parties' Joint Statement re Discovery Disagreement and upon hearing the arguments of counsel, THE COURT FINDS AS FOLLOWS:

RELEVANT BACKGROUND

A.   Factual Allegations

The decedent, Parminder Singh Shergill, was an honorably discharged, disabled Gulf War veteran who suffered from post-traumatic stress disorder and depression. On the morning of January 25, 2014, decedent became anxious, and his family wanted him to visit the Veteran's Affairs Clinic ("VAC") in French Camp, California for treatment. As they had done in the past, they contacted the City of Lodi Police Department to request assistance for the transportation of

1

1   the decedent to the VAC.  City of Lodi police officers Scott Bratton and Adam Lockie responded
2   to the call at decedent's residence, but were informed that he had gone for a walk, a morning
3   routine for him.  The officers left the residence after informing the decedent's family that they
4   would talk to the decedent if they saw him.
5       Bratton and Lockie located the decedent in a park two blocks away.  They confronted
6   decedent, attempting to stop him for questioning, and proceeded to follow him when he did not
7   answer their questions as he walked toward home.  When the decedent reached the street on
8   which he lived, Bratton and Lockie drew their firearms and confronted the decedent by yelling at
9   him.  When the decedent turned around to face the officers, the officers opened fire multiple
10  times and killed the decedent.  The decedent was unarmed and did not threaten the officers,
11  although the officers allege that the decedent charged at them with a knife.
12  B.      Procedural Background
13      This action was filed on April 3, 2014 against the City of Lodi; the City of Lodi Police
14  Department; Mark Helms, in his individual capacity as the Chief of Police for the City of Lodi;
15  and City of Lodi police officers Scott Bratton and Adam Lockie.  Plaintiffs bring suit pursuant to
16  42 U.S.C. § 1983, Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et*
17  *seq.*; negligence, wrongful death, negligent infliction of emotional distress, and interference with
18  civil rights.  A pretrial scheduling conference is set for July 7, 2014.
19      Set for hearing on July 14, 2014 before the Honorable Garland E. Burrell, Jr., are two
20  motions to dismiss filed by the defendants.  ECF Nos. 13-14.
21                                  LEGAL STANDARDS
22      Generally, a party may not conduct discovery before the parties have met and conferred
23  pursuant to Federal Rule of Civil Procedure 26(f).  In re Countrywide Fin. Corp. Derivative
24  Litig., 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008).  However, a court may authorize early
25  discovery "for the parties' and witnesses' convenience and in the interests of justice."  Fed. R.
26  Civ. P. 26(d)(2).  The moving party must show good cause for the early discovery.  See Semitool,
27  Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002).  "Good cause may be
28  found where the need for expedited discovery, in consideration of the administration of justice,

outweighs the prejudice to the responding party." Id.  To make this determination, courts often consider factors such as (1) whether a preliminary injunction is pending; (2) the purpose of the discovery request; (3) the breadth of the discovery request; and (4) the burden on the non-moving parties.  See American LegalNet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009).

## DISCUSSION

A.  Dispute Background

In mid-April 2014, plaintiffs contacted defendants to obtain a stipulation to permit a limited number of depositions to be taken of eyewitnesses to events leading up to and including the fatal shooting of decedent, prior to the parties' Rule 26(f) conference.  Defendants have declined to stipulate to early discovery and argue that early discovery will prejudice them.

1.  Plaintiffs' Position

Plaintiffs seek this discovery on the ground that the City of Lodi Police Department has thus far refused to release statements from neighbors and other individuals who witnessed the incident and who were interviewed by the defendants on the day of the shooting. Unable to obtain the witness statements from defendants, plaintiffs retained a private investigation firm to interview witnesses.  Through their investigator, plaintiffs obtained 18 statements, but they claim that some witnesses were either reluctant to speak to or refused to speak entirely to the private investigators.

Plaintiffs seek to depose ten eyewitnesses who already gave statements to plaintiffs' investigator.  They argue that these depositions are necessary to preserve the accuracy of the deponents' testimony since memories fade over time, that the burden or prejudice that defendants will experience is minimal or nonexistent, and that the request comes only two months before the Rule 26(f) conference.

2.  Defendants' Position

Defendants oppose plaintiffs' motion on several grounds.  They argue first that the investigation of the incident is ongoing by the San Joaquin County District Attorney's Office and, when complete, will include witness statements, forensic results, medical reports, Coroner reports and the final findings of the District Attorney.  They also argue that (1) plaintiffs' "memory fades

3

with time" argument is unsupported by law, (2) there are no pending preliminary injunctions to prepare for, (3) the request is overbroad, (4) there is no real urgency since the incident occurred only four months ago and the typical discovery process will open in only two months, and (5) they will be prejudiced if they are forced to prepare for the critical depositions of witnesses without having exchanged information pursuant to Federal Rule of Civil Procedure 26, without having the pleadings settled, and without having the full reports from the District Attorney. Lastly, they assert that they will file a motion for protective order because plaintiffs have released witness statements to the media, thereby potentially spoiling the witnesses' memories.

B.   Analysis

On review of the parties' positions and in considering the timeline of the events at issue in this case, the court finds that plaintiffs have not demonstrated good cause to conduct expedited discovery. Unlike those cases in which expedited discovery was authorized in anticipation of a preliminary injunction hearing, e.g., Quia Corp. v. Mattel, 2010 WL 2179149 (N. D. Cal. 2010), or for the plaintiff to ascertain the identify of Doe defendants, e.g., Wride v. Fresno County, 1:05-cv-0486 AWI SKO, 2011 WL 4954159, at *1 (E.D. Cal. 2011), the depositions sought in this case are not intended to serve any purpose other than those traditionally anticipated during the normal course of litigation. See also Advisory Committee Notes to the 1993 amendments to Rule 26(d) (noting that discovery before the Rule 26(f) conference "will be appropriate in some cases, such as those involving requests for a preliminary injunction or motions challenging personal jurisdiction.").

While there is no doubt that the discovery sought is relevant to the merits of plaintiffs' claims, plaintiffs have not established any urgency to the requested discovery, and there is no citation to any authority holding that the potential fading of witness memories justifies expedited discovery. Moreover, the court notes that the incident occurred only four months ago, discovery is set to commence in less than two months, and plaintiffs have already had an opportunity to interview these witnesses. In sum, "'the broad discovery that [plaintiff] seeks should be pursued more properly within the structure and supervision afforded by a court-approved scheduling order under Fed. R. Civ. P. 16(b).'" American LegalNet, Inc., 673 F. Supp. 2d at 1071 (quoting Qwest

1 | <u>Commc'ns Int'l, Inc. v. Worldquest Networks, Inc.</u>, 213 F.R.D. 418, 421 (D. Col. 2003)).

2 |     Accordingly, IT IS HEREBY ORDERED that plaintiffs' April. 18, 2014 motion for
3 | expedited discovery (ECF No. 12) is denied.
4 | DATED: May 21, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE