UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUKHWINDER KAUR, ET AL., | No. 2:14-cv-0828 GEB AC |
| Plaintiffs, | |
| v. | ORDER |
| CITY OF LODI, ET AL., | |
| Defendants. | |

On August 6, 2014, 2014, the Court held a hearing on defendants' motion for a protective order. Mark Merin and Paul Masuhara appeared for plaintiffs. Amie McTavish appeared for defendants City of Lodi, the City of Lodi Police Department, and Mark Helms. Mark Berry appeared for defendants Scott Bratton and Adam Lockie. On review of the parties' Joint Statement re Discovery Disagreement and upon hearing the arguments of counsel, THE COURT FINDS AS FOLLOWS:

RELEVANT BACKGROUND

The Court incorporates by reference the factual allegations included in its April 22, 2014 order denying plaintiffs' motion for expedited discovery. See ECF No. 19.

This action was filed on April 3, 2014 against the City of Lodi; the City of Lodi Police Department; Mark Helms, in his individual capacity as the Chief of Police for the City of Lodi; and City of Lodi police officers Scott Bratton and Adam Lockie. Plaintiffs bring suit pursuant to

1

42 U.S.C. § 1983, Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; negligence, wrongful death, negligent infliction of emotional distress, and interference with civil rights. A scheduling order issued on July 1, 2014, setting, inter alia, February 18, 2016 as the discovery deadline and September 27, 2016 as the trial date. Pending before the Honorable Garland E. Burrell, Jr., are two motions to dismiss filed by the defendants. ECF Nos. 13-14.

## LEGAL STANDARDS

The scope of discovery under Federal Rule of Civil Procedure 26(b) is broad: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. As the Supreme Court reiterated in Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 (1978), relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." 437 U.S. at 351 (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)). Under Rule 26(c)(1), the court may, for good cause, nonetheless issue an order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense, including . . . limiting the scope of disclosure or discovery to certain matters. . . ." Fed. R. Civ. P. 26(c)(1)(D).

Where a party seeks an order protecting from public disclosure information that has been produced in discovery but not filed in court, the Rule 26(c) good cause standard applies. Pintos v. Pacific Creditors Ass'n, 605 F. 3d 665, 678 (9th Cir. 2010) (citing Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006)), cert. denied, 131 S.Ct. 900 (2011); Phillips ex rel. Estates of Byrd v. Ge. Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002). It is well established that absent a court order to the contrary, the fruits of pretrial discovery are presumptively public. San Jose Mercury News, Inc. v. United States Dist. Court, 187 F.3d 1096, 1103 (9th Cir. 1999).

To establish good cause, the party seeking a protective order in this context bears the burden of showing that specific prejudice or harm will result if no protective order is granted. Phillips, 307 F.3d at 1210-11. Broad and general allegations of harm do not satisfy the Rule

26(c) test. Beckman Industries, Inc. v. International Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992). For this reason, blanket protective orders are disfavored. See San Jose Mercury News, 187 F.3d at 1103.

## DISCUSSION

Following the shooting death of Parminder Shergill by Lodi police officers Scott Bratton and Adam Lockie, an investigation was conducted involving multiple law enforcement agencies. This multi-agency investigation report has been submitted to the San Joaquin County District Attorney's Office for review and has been produced as part of Defendants' Rule 26(a) initial disclosures. Defendants would like these documents (and presumably others to be produced in the course of discovery) to be designated confidential and not disseminated outside of the judicial process. In other words, they seek to prevent dissemination to the media by the plaintiffs. Defendants have submitted a proposed protective order to be entered by the Court.

Plaintiffs first object to the motion on the ground that the proposed protective order is in substance a gag order. Upon reading the proposed protective order and hearing the arguments of counsel, the Court agrees that a sweeping order of the type that defendants have proposed would be a prior restraint on free speech, see Levine v. U.S. District Court for the Central District of California, 764 F.2d 590, 595 (9th Cir. 1985), and defendants have not justified the infringement that such an order would have on the First Amendment rights of the parties, counsel, the media, and the public. It is true that this case has garnered some media attention, and that both plaintiffs and defendants have communicated with the media, but defendants have not established that the coverage has been so pervasive or hostile to this point that their right to a fair trial is threatened absent a gag order.

Plaintiffs also argue that, to the extent that the Court analyzes defendants' motion as a straightforward request for entry of a protective order, the discovery that defendants have already produced and which they seek to withhold from dissemination (specifically, the multi-agency investigation report) is not confidential as a whole but is instead comprised of ordinary witness statements, defendants' statements, autopsy reports, photographs, crime laboratory reports, chain of custody on physical evidence, and diagrams, as well as hospital records relating to the

1  decedent. They thus assert that the proposed protective order would impose unnecessary and
2  burdensome procedures and effectively delay discovery in this matter further.
3      Defendants counter that they are only seeking to protect from dissemination material that
4  "includes, but is not limited to, peace officer personal [sic] records, including internal affairs
5  investigation and those records described by California Penal Code Section 832.8, and other
6  similar confidential records designated as such, including the existence of such records and/or
7  information." See J. Statement at 21, ECF No. 28. Although defendants admit that they have
8  released information to the general public, insisting that they are "not adverse to the release of
9  appropriation information at the appropriate time," they nonetheless assert that "[t]he proposed
10 protective order allows the [defendants] to regulate the flow of information while enabling
11 Plaintiffs to challenge what is made public." Id. at 10. Plaintiffs rightly respond that
12 "[d]efendants cannot have it both ways; they cannot selectively and continuously release
13 favorable information to media in an attempt to win support in the 'court of public opinion,' while
14 simultaneously claiming prejudice and hardship will result if they are required to disclose
15 discovery which materially contradicts their favorable accounts of the incident." Id. at 17.
16     As to defendants' specific arguments in support of the instant motion, defendants first
17 assert that a protective order is necessary to protect information such as witness identities in order
18 to facilitate the willingness of civilians to speak with law enforcement. In support, they claim
19 that a publicly-identified witness to decedent's shooting sought intervention from the Lodi Police
20 Department after plaintiffs purportedly approached her home and harassed her. See McTavish
21 Decl. ¶ 8. Their argument, then, is that limiting the public disclosure of information that
22 identifies witnesses, which in turn would limit potential harassment, may make witnesses more
23 inclined to participate in police investigations.
24     According to plaintiffs, this is a sham argument because the shooting occurred right
25 outside the home of the specific witness referred to by defendants, Cassandra Lopez, who
26 disclosed her own identity when she gave a televised interview to Fox40 News on the same day
27 of the shooting. When a member of the decedent's family then approached Ms. Lopez to get
28 information, Ms. Lopez claimed that he yelled at her when said she did not want to talk anymore

("[i]t was nothing personal, I just didn't want to," Merin Decl., Ex. F, ECF No. 28-2 at 40-41). Because of this, Ms. Lopez asked a police officer who was nearby to tell the family member to "leave [her] alone." Id.

At the August 6, 2014 hearing, defendants did not dispute this version of events and were also unable to identify any other specific instances in which civilian witnesses to the incident underlying this action have faced annoyance, embarrassment, or oppression related to the public release of their identities. The Court therefore finds that this proffered justification for a protective order is not supported by facts establishing good cause. The possibility that civilian witnesses might in the future face annoyance, embarrassment, or oppression is entirely speculative.

Defendants also seek a protective order on the general grounds that investigating agencies have an interest in not revealing their procedures and techniques to the general public, that an order is necessary to prevent tainting of the jury pool, and that the defendants maintain a privacy interest in ongoing investigations. Defendants cite to practically no legal authority in support of these arguments, and the Court finds that broad allegations of harm unsubstantiated by specific examples or articulated reasoning do not support a good cause showing. See In re Roman Catholic Archbishop of Portland in Or., 661 F.3d 417, 424 (9th Cir. 2011) (good cause for protective order requires showing of specific prejudice or harm), cert. denied, 132 S.Ct. 1867 (2012).. Additionally, there does not appear to be an ongoing investigation since the multi-agency investigative report has now been turned over to the District Attorney's Office for further consideration, and counsel for defendants stated on the record at the August 6, 2014 hearing that she is unaware of the nature or status of any internal agency investigation(s) of the incident at this time.

Lastly, the Court finds that the proposed protective order, as written, to be substantially overbroad.

For all these reasons, defendants have not carried their burden of showing good cause for entry of the proposed protective order.

////

Accordingly, IT IS HEREBY ORDERED that defendants' June 23, 2014 motion for protective order (ECF No. 20) is denied without prejudice.

DATED: August 7, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE