UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUKHWINDER KAUR, individually and as the successor in interest for the Decedent PARMINDER SINGH SHERGILL; KULBINDER KAUR SOHOTA; SARABJIT SINGH SHERGILL,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LODI; CITY OF LODI POLICE DEPARTMENT; MARK HELMS, in his individual capacity as the Chief of Police for the City of Lodi; SCOTT BRATTON, in his individual capacity as a City of Lodi Police Officer; ADAM LOCKIE, in his individual capacity as a City of Lodi Police Officer; and DOES 1 through 50, inclusive,<br><br>Defendants. | No. 2:14-cv-00828-GEB-AC<br><br>**ORDER GRANTING ENTITY DEFENDANTS' MOTION TO DISMISS** |

On August 25, 2014, Defendants City of Lodi and the City of Lodi Police Department (collectively, "the entity Defendants"), and Police Chief Mark Helms, filed a motion under Federal Rule of Civil Procedure ("Rule") 12(b)(6) in which dismissal is sought of the portion of the fifth claim in the

1

First Amended Complaint ("FAC") alleged against the entity Defendants, and dismissal of the seventh claim.

In the fifth claim, Plaintiff Sukhwinder Kaur, as successor in interest for decedent Parminder Singh Shergill ("Parminder"), alleges that "[t]he <u>inadequacy</u>" of the entity Defendants' "<u>custom or policy</u>" of "training, supervising and/or disciplining its police officers responsible for contacting persons suffering from mental illness" was "<u>the moving force</u> behind [City of Lodi Police Officers] B[ratton] and L[ockie's] ['Officer Defendants'] use of excessive and deadly force against P[arminder]." (FAC ¶ 81 (emphasis added), ECF No. 32.) This portion of the claim is alleged under the Supreme Court's decision in <u>Monell v. Department of Social Services of New York</u>, 436 U.S. 658 (1978), which allows a municipality to be sued under 42 U.S.C. § 1983 for a constitutional violation stemming from "inadequate training or supervision [that] was the moving force behind [a constitutional] deprivation." <u>Sandoval v. Las Vegas Metro. Police Dep't</u>, 756 F.3d 1154, 1168 (9th Cir. 2014) (citing <u>City of Canton v. Harris</u>, 489 U.S. 378, 387-90 (1989)). "For a policy to be the moving force behind the deprivation of a constitutional right, the identified deficiency in the policy must be closely related to the ultimate injury." <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1190 (9th Cir. 2006) (citation omitted) (internal quotation marks omitted). Thus, to allege a viable <u>Monell</u> claim, Plaintiff must demonstrate in the complaint "that the [entity Defendants'] policy deficiencies were the moving force behind the deprivation of [Parminder's] constitutional rights . . . [and] that the injury to [Parminder]

2

1 | would have been avoided had the [entity Defendants] adequately
2 | trained [the Officer Defendants] and/or instituted adequate
3 | general policies to guide [each Officer Defendant's] exercise of
4 | [his] professionally-informed discretion" when interacting with
5 | Parminder. Id. However, "Monell does not concern liability of
6 | individuals." Guillory v. County of Orange, 731 F.2d 1379, 1382
7 | (9th Cir. 1984). Therefore, Police Chief Mark Helms cannot
8 | challenge the Monell claim. Although Police Chief Mark Helms has
9 | filed a reply brief that contains an untimely challenge to the
10 | supervisory claim alleged against him in his individual capacity,
11 | that challenge is ignored because it was not timely noticed under
12 | the applicable federal rule.
13 |      In the seventh claim, the same Plaintiff alleges in the
14 | same capacity that the entity Defendants violated Parminder's
15 | rights under Title II of the Americans with Disabilities Act
16 | ("ADA") by failing to "adequately train[] [the Officer
17 | Defendants] to deal with persons suffering from mental illness,"
18 | and to train the Officer Defendants "to provide reasonable
19 | accommodation to P[arminder] before employing deadly and
20 | unreasonable force." (Id. ¶¶ 33, 93.) Plaintiff's allegations
21 | further indicate that had the Officer Defendants been trained to
22 | make modifications to the entity Defendants' "policies and
23 | practices," the Officer Defendants could have "avoid[ed] a
24 | violent confrontation with P[arminder] because of his
25 | disability." (Id. ¶ 92.) This ADA claim is not alleged against
26 | Police Chief Mark Helms; therefore, he is not an appropriate
27 | movant and is ignored.
28 |

The entity Defendants' dismissal motion is premised on the argument that Plaintiff has not pled factual allegations from which a reasonable inference could be drawn that any alleged training deficiency in the entity Defendants' training policy was causally connected to either officer's decision to shoot Parminder. (See Defs.' Reply Pl.'s Opp'n ("Defs.' Reply") 2:3-5, ECF No. 38 ("Defendants seek to dismiss the ADA claim and the [Monell] claims for the same fundamental reason: these claims fail to plead a link between the alleged violation and the harm suffered.").)

## I. LEGAL STANDARD

"In reviewing . . . [a motion to] dismiss[] . . . a complaint, we inquire whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Further,

> We accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party. Although factual allegations are taken as true, we do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.

Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (citations omitted) (internal quotation marks omitted); see also Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) ("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

inferences."). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

## II. FACTUAL ALLEGATIONS

The following factual allegations pertain to the entity Defendants' motion. On January 25, 2014, Parminder's "sister-in-law . . . called 9-1-1 to request assistance in transporting [him] to the Veteran's Clinic" because his family had "concluded that [he] was in need of psychiatric care and treatment." (FAC ¶ 21.) When the Officer Defendants "arrived . . . at . . . the [f]amily [h]ome," Parminder's sister-in-law informed them "that P[arminder] was presently suffering from mental illness and needed to be transported to the Veteran's Clinic for care and treatment." (Id. ¶¶ 25-26.) The Officer Defendants "told the family that there was nothing [the Officer Defendants] could do because P[arminder] was not home and had not threatened violence to himself or others." (Id. ¶ 27.) The Officer Defendants then asked Parminder's sister-in-law "if P[arminder] was in the area," and she responded "that [he] may be in the area" since "P[arminder] routinely walked to the [p]ark in the morning." (Id.) The Officer Defendants replied "that if they saw P[arminder,] they would try to talk with him." (Id. ¶ 28.) The Officer Defendants then "drove to the [p]ark." (Id.)

The Officer Defendants "saw P[arminder] while he was walking through the [p]ark and attempted to detain him." (Id. ¶ 30.) "When the [Officer Defendants] confronted P[arminder,] he

5

walked away from the officers . . . towards his [f]amily [h]ome." (Id. ¶ 32.) The Officer Defendants then "followed closely behind P[arminder] and repeatedly yelled at [him], demanding that [he] submit to their questioning." (Id. ¶ 34.) The Officer Defendants "drew their police-issued firearms and trained them on P[arminder], as he was facing away from the officers and continued to walk towards his [f]amily [h]ome." (Id.)

The Officer Defendants then "yelled at P[arminder] to 'Stop!' P[arminder] responded . . . by turning around to face them." (Id. ¶ 37.) "Approximately 20 feet separated P[arminder] from [the Officer Defendants] when [he] turned around to face [them]. P[arminder] had his hands up and yelled 'Don't shoot!'" (Id. ¶ 38.) The Officer Defendants "opened fire . . . , killing P[arminder]," who "was unarmed." (Id. 2:20-22.) Two "eye-witnesses stated that P[arminder] did not charge at [the Officer Defendants], and did not present a threat to the officers, immediately before the shooting." (Id. ¶ 48.)

### III. DISCUSSION

The entity Defendants argue the Monell claim "is insufficient" since "the FAC fails to state a connection between" the alleged "inadequate policy related to the training and supervision of [the entity Defendants' police] officers regarding contacts with person[s] suffering from mental illness" and the Officer Defendants' shooting of Parminder when "he was unarmed and not threatening the officers." (Defs.' Mem. P.&.A. Supp. Mot. Dismiss Pl.'s FAC ("Defs.' Mot.") 8:10-13, 8:22-23, 10:5, ECF No. 33.)

Plaintiff counters, *inter alia*, that the entity Defendants "maintained deficient customs or policies" by "fail[ing] to train" Lodi Police Officers in the "necessary skills" related to "how to interact with persons suffering from mental illness." (Pl.'s Mem. P.&A. Opp'n Defs.' Mot. ("Pl.'s Opp'n") 7:28, 6:1-6 (citing FAC ¶ 57), ECF No. 35.) Plaintiff argues that by maintaining these "deficient customs or policies," the entity Defendants "subjected Parminder to a deadly encounter with the Officer Defendants[] who were ill-prepared [to] appropriately . . . contact Parminder, as demonstrated by the Officer Defendants' decision to kill Parminder <u>without an adequate justification</u>." (Id. 7:28-8:2 (emphasis added).)

The entity Defendants make a similar argument regarding the ADA claim, contending: "The allegations in the FAC do not plead how the failure to accommodate [Parminder's alleged disability as required by the ADA] caused [him] to suffer," which "results in a failure to state a claim." (Defs.' Mot. 7:13-17.) Specifically, the entity Defendants argue: "There is no allegation that the [alleged] injury—shooting—flows from a failure to accommodate [Parminder's] alleged disability." (<u>Id.</u> 7:7-8.)

Plaintiff counters, *inter alia*: "Parminder's death <u>was causally related to the Officer Defendants' failure to accommodate his disability</u>, because, had the Officer Defendants been properly trained when contacting person[s] suffering from mental illness and employed those skills when contacting Parminder, his death would not have resulted when he encountered Officer Defendants." (Pl.'s Opp'n 11:17-21.) Plaintiff also

argues: "Had the Officer Defendants accommodated Parminder because of his mental illness, they would not have found justification for shooting him and would have employed other, more appropriate techniques for responding to persons suffering from mental illness." (Id. 13:25-28 (emphasis added).)

The entity Defendants reply that "[t]he FAC fails to state how accommodating [Parminder's] mental illness would have changed the officer's decision to shoot him . . . [and] fails to allege why if the officers had done the things the FAC alleges they should have done . . . they would have not shot him. (Defs.' Reply 4:5-9.)

Plaintiff's factual allegations in the FAC are insufficient to support drawing a reasonable inference that a causal nexus exists between any alleged deficiency of the entity Defendants' training regarding interacting with mentally ill individuals and the shooting of Parminder, and therefore do not allege the causation component of the Monell and ADA claims. See Sandoval, 756 F.3d at 1168 (stating that a municipality's liability under Monell requires "prov[ing] that inadequate training or supervision was the moving force behind the deprivation"); Head v. Glacier Nw. Inc., 413 F.3d 1053, 1065 (9th Cir. 2005) (stating "that a motivating factor standard is the appropriate standard for causation in the ADA context"). Plaintiff's factual allegations in the FAC establish that the officers shot unarmed and non-threatening Parminder without justification, but fail to connect the shooting with Parminder's mental illness.

Therefore, the entity Defendants' dismissal motion is

granted. However, Plaintiffs are granted fourteen (14) days from the date on which this order is filed to file an amended complaint addressing the referenced deficiencies in the dismissed claims.

Dated:  October 14, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge