1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    SUKHWINDER KAUR, et al.,                No.  2:14-cv-0828 GEB AC PS

12                 Plaintiff,

13          v.                                 ORDER RE MOTION TO QUASHCOMPEL
                                               AND MOTION FOR PROTECTIVE ORDER
14    CITY OF LODI, et al.,

15                 Defendants.

16

17          This is an excessive force action brought by the estate of Parminder Singh Shergill (the

18    decedent), Sukhwinder Kaur (decedent's mother), and decedent's two siblings, against Scott

19    Bratton, one of the two City of Lodi police officers who shot the decedent to death, along with the

20    other officer, the City, its police department and the Chief of Police.  The case is proceeding on

21    the Second Amended Complaint.  ECF No. 47.

22          On January 13, 2015, plaintiffs served a subpoena duces tecum upon the City of Manteca,

23    where Bratton had served as a police officer before joining the City of Lodi police force.  See

24    Subpoena (Joint Statement, ECF No. 66-2) at 8.  The subpoena demanded the production of all

25    documents Manteca had that related to Bratton, its former employee.  Id.  It appears that Manteca

26    produced all responsive documents to Bratton, apparently leaving it to Bratton to respond to the

27    ////

28    ////

                                                  1

1    subpoena.[1]  See Declaration of Masuhara (Joint Statement, ECF No. 66-1) ¶ 2.  Pending is

2    defendant Bratton's motion to quash the subpoena.  The parties have met and conferred, and filed

3    a Joint Statement, as required by the Local Rules.  See E.D. Cal. R. 251.

4           This matter came on for hearing on March 11, 2015 before the undersigned.  Plaintiffs,

5    Bratton and the City of Lodi were represented, but Manteca did not appear.

6                              I.       RELEVANT BACKGROUND

7           A.      Factual Allegations

8           According to the Second Amended Complaint, the decedent, Parminder Singh Shergill,

9    was an honorably discharged, disabled Gulf War veteran who suffered from post-traumatic stress

10   disorder and depression.  Complaint (ECF No. 47), Introduction at 2.  On the morning of January

11   25, 2014, decedent failed to take his prescribed medication, and became anxious, so his family

12   wanted him to visit the Veteran's Affairs Clinic ("VAC") in French Camp, California for

13   treatment.  Complaint, Introduction at 2 & ¶ 18.  As they had done in the past, they contacted the

14   City of Lodi Police Department to request assistance for the transportation of the decedent to the

15   VAC.  Complaint, Introduction at 2.  City of Lodi police officers Scott Bratton and Adam Lockie

16   responded to the call at decedent's residence, but were informed that he had gone for a walk, a

17   morning routine for him.  Id.  The officers left the residence after informing the decedent's family

18   that they would talk to the decedent if they saw him.  Id.

19          Bratton and Lockie located the decedent in a park two blocks away.  Id.  They confronted

20   decedent, attempting to stop him for questioning, and proceeded to follow him when he did not

21   answer their questions as he walked toward home.  Id.  When the decedent reached the street on

22   which he lived, Bratton and Lockie drew their firearms and confronted the decedent by yelling at

23   him.  Id.  As the decedent turned around to face the officers, he held his hands in the air and

24   stated "Don't shoot!"  Complaint, Introduction at 2 & ¶ 44.  The officers then opened fire,

25   shooting the decedent 14 times, even as he fell to the street, killing him.  Complaint ¶ 45.  The

26

27   [1]  Manteca has not produced the documents to plaintiffs, as required by the subpoena, nor has it
     objected to the subpoena nor moved to quash it pursuant to the Federal Rules of Civil Procedure.
28   No party has objected to this procedure, so the court will not address it.

                                                        2

1    decedent was unarmed and did not threaten the officers.  Complaint, Introduction at 2.

2    Nevertheless, the officers reported that decedent had charged at them with a knife immediately

3    prior to the shooting.  Complaint ¶ 52.

4           B.      Procedural Background

5           Plaintiffs filed their original complaint on April 3, 2014.  ECF No. 1.  After two motions

6    to dismiss and partial dismissals with leave to amend, the case is now proceeding on the Second

7    Amended Complaint ("complaint") (ECF No. 47).  Plaintiffs are proceeding on their claims under

8    (1) 42 U.S.C. § 1983 for violation of rights guaranteed by the Fourth and Fourteenth

9    Amendments to the U.S. Constitution, (2) Title II of the Americans with Disabilities Act

10   ("ADA"), 42 U.S.C. § 12101 et seq.; and (3)  the California State Constitution and other

11   California laws.

12          On August 6, 2014, plaintiffs served discovery requests on defendants Bratton and Lockie,

13   the City of Lodi, the police department and the chief of police, requesting production of all

14   personnel records of the officers from their time in the Lodi police department.  ECF No. 59-1,

15   Exhs. A-E.  Bratton and the other defendants refused to produce the officers' "remote" personnel

16   records, which defendants defined as all personnel records that were more than five years old, and

17   resisted plaintiffs' motion to compel the production of those documents.  See ECF No. 60.

18          The undersigned granted plaintiffs' motion to compel, rejecting defendants' argument that

19   age alone rendered all personnel records irrelevant if they were more than five years old.  See

20   ECF No. 62.

21                                   II.  MOTION TO COMPEL

22          A.      Legal Standards

23          The scope of discovery under Federal Rule of Civil Procedure 26(b) is broad: "Parties

24   may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

25   defense."  Fed. R. Civ. P. 26(b)(1).  "Relevant information need not be admissible at trial if the

26   discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Id.  As

27   the Supreme Court reiterated in Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 (1978),

28   relevance "has been construed broadly to encompass any matter that bears on, or that reasonably

1  could lead to other matter that could bear on, any issue that is or may be in the case."  437 U.S. at

2  351 (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)).

3      Under Rule 45 of the Federal Rules of Civil Procedure, a court must quash or modify a

4  subpoena that requires the disclosure of privileged or other protected matter, or subjects a person

5  to undue burden.  Fed. R. Civ. P. 45(d)(3)(A); Mattel, Inc. v. Walking Mountain Productions, 353

6  F.3d 792, 814 (9th Cir. 2003) (same).  "The party who resists discovery has the burden to show

7  discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its

8  objections."  Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

9      B.    Discussion

10         1.    Dispute Background

11     On January 13, 2015, plaintiffs subpoenaed Bratton's entire personnel file from the City

12 of Manteca.  ECF No. 66-2 at 4.  Bratton had been employed by the Manteca Police Department

13 from 1994 to 2000.  ECF No. 66 at 2.  Defendant Bratton instructed the Manteca Police

14 Department not to produce a single document from the file.  ECF No. 66 at 12.

15     On January 30, 2015, Bratton's counsel (Konz), called plaintiffs' counsel (Masuhara), to

16 discuss the subpoena.  ECF No. 61 at 1 (Masuhara Decl.).  During the conversation, plaintiffs

17 agreed that Bratton could redact personal information, "such as addresses, contact information,

18 and social security numbers" for party-defendants and their families.  ECF No. 61-1 at 2.

19 Plaintiffs also stated that they still wanted the names, addresses and contact information for the

20 "references" submitted with Bratton's employment application with the Manteca Police

21 Department, and that they would object to any redaction of that information.  Id.  Finally,

22 plaintiffs stated that they would not stipulate to keeping any subpoenaed information – which

23 they have not seen yet – "private and confidential" and "within the litigation," and that it was

24 Bratton's obligation to seek a protective order if that is what he wanted.  Id.

25     On February 2, 2015, Bratton's counsel (Berry), wrote to plaintiffs' counsel (Merin),

26 setting forth his objections to the subpoena.  ECF No. 66-2 at 12-16.  Making no reference to the

27 January 30, 2015 phone conversation between Bratton's other counsel (Konz) and plaintiffs'

28 other counsel (Masuhara), Bratton described the contents of the personnel file, and asserted that

4

he objected to the production of even a single document from the file.  He objected because the file contained personal information such as social security numbers and driver's license numbers, but made no reference to counsel's earlier agreement that such information could be redacted from Bratton and his family's records.  He objected also that it contained material that was not relevant, either intrinsically, such as a high school diploma and marriage certificate, or because it was too old, such as the employment application, background investigation materials, performance evaluations, personnel actions, and training certificates.

On February 3, 2015, plaintiffs' counsel responded.  He pointed out that the undersigned had already ruled that such personnel records – especially training records – are relevant to the case, and that age alone did not make them irrelevant.  ECF No. 66 at 18-21 (citing ECF No. 62 (Order compelling production, Jan. 9, 2015)).  The letter further sets forth plaintiff's arguments regarding the relevance of the categories of documents withheld – employment application and materials, background investigation materials, field training program materials, notifications of personnel action, performance evaluations, training certificates, and "other" materials.  See id. Perhaps most importantly, plaintiffs point out that the undersigned rejected Bratton's same "remoteness" arguments the last time around, when plaintiff sought discovery of Bratton's Lodi Police Department personnel records.  See ECF No. 62.

2. Documents at Issue

        a.  Manteca employment application
        b.  Bratton's resume
        c.  Polygraph report from July 7, 1994
        d.  Personal reference questionnaires[2]
        e.  Background investigation materials
        f.  Background investigation summary report
        g.  Pre-employment psychological testing documents
        h.  Pre-employment physical exam documents
        i.  Field training program documents
        j.  Performance evaluations
        k.  Training certificates
        *l*.  Employment offer and personnel notifications
        m.  Memoranda re on-duty vehicle collision
        n.  "Other" – resignation, commendations, requests, etc.

---

[2]  Bratton says he is happy to produce any of these that "specifically relate to previous instances of excessive force or contact with the mentally ill."  ECF No. 66 at 15.  However, he apparently has not produced them, nor has he stated that none exist.

Bratton argues first that he has privacy rights in these documents protected by the California and U.S. constitutions, and the cases.  ECF No. 66 at 10-11.  Bratton next argues that "[a]side from the performance evaluations," the documents are too old to be relevant.[3]  He argues that it is "disingenuous" for plaintiffs to argue that his original employment application and background check documents could possibly be relevant.

    C.  Analysis

        1.  Bratton's categories "a" to "n"

The court has already ruled on Bratton's arguments, and rejected them:

> It is a matter of common experience that a person's professional training – even the training received immediately upon hiring – may inform his later performance on the job, a matter plainly relevant to these defendants' performances during the shooting of the decedent.  Unless defendants intend to argue that all training over five years old is somehow wiped from the officers' brains, there is no obvious basis for concluding that these records are not relevant.  Similarly, the officer defendants' qualifications to use the weapons they used to kill decedent, any prior shootings of citizens, any discipline the officer defendants may have received regarding use of force, their prior interactions with mentally ill persons, and any number of other matters potentially contained in these withheld documents, are plainly relevant to this lawsuit, no matter the age of the document.

ECF No. 62 at 6-7.[4]  Bratton argues that the discovery sought here is different because it is from a

---

[3]  He apparently has not produced the performance evaluations even though he seems to concede their relevance.

[4]  It is not even clear that Bratton has standing to challenge a third-party subpoena purely on relevance grounds:

> As an initial matter, the defendants contend that Ms. Allison does not have standing to move to quash the Lone Star subpoenas on relevance grounds because she has not asserted that the materials sought from Lone Star are privileged.  A party generally lacks standing to challenge a subpoena served on a non-party unless the objecting party has a personal right or privilege in the information sought.  9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, § 2459 (3d ed.2008).  However, courts have repeatedly found that an individual possesses a privacy interest with respect to information contained in her employment records and therefore has standing to challenge subpoenas seeking such records.

Allison v. Clos-ette Too, L.L.C., 2015 WL 136102, at *7 (S.D.N.Y. 2015) (some citations omitted).  However, since neither party addresses the issue, and Bratton also claims a privacy

non-party, the City of Manteca.  But that makes no difference to whether the sought documents may be relevant, or may lead to the discovery of admissible evidence, in the claims <u>against</u> <u>Bratton</u>.  The court agrees with Bratton that the likelihood of finding relevant and admissible evidence diminishes as one looks deeper and deeper into the mists of the past.  However, the court cannot categorically conclude that Bratton's prior employment as a police officer is so remote or unrelated that it should be shielded from discovery in this case of alleged police misconduct.

In addition, plaintiffs argue that Bratton's credibility is at issue here, and they are entitled to look at the Manteca personnel files for evidence relevant to that issue.  Indeed, after the undersigned rejected Lodi's efforts to withhold "remote" personnel documents, it appears that plaintiff discovered in those documents, evidence directly relevant to Bratton's credibility.

Moreover, plaintiffs recognize that some of this information may be outdated and not relevant, for example, old financial information.  Plaintiffs assert that if Bratton had asked, plaintiffs would have told him to produce only the current information.  However, rather than producing current financial information (relevant if punitive damages are levied against Bratton), and withholding the rest, Bratton simply refused to produce anything.  Similarly for the birth certificate and other documents, defendant simply refused to produce anything, rather than asking if producing a redacted version would suffice.[5]  Plaintiffs assert that other documents, such as the marriage certificate and fingerprint card, <u>are</u> irrelevant, and would have told Bratton this if asked. Instead, Bratton simply refused to produce anything.

As to category "g," plaintiffs assert that Bratton need not produce pre-employment psychological testing documents, and that they would have told him so had he asked.

The court deems the subpoena modified by plaintiffs' representations in the joint statement and at the hearing regarding documents and information that need not be produced. The motion to quash will be denied for the reasons here explained, and defendant shall comply

---

interest in the documents, the court will not address the issue either.

[5]  Actually, Bratton's counsel did ask in the January 30, 2015 phone call, and was told redaction was okay.  But this was completely ignored when Bratton's other counsel wrote to plaintiffs' counsel objecting to the subpoena.

1    with the subpoena as so modified.

2        D. Protective Order

3        In the alternative to quashing the subpoena, defendant requests a blanket protective order

4    for "all documents" produced pursuant to the subpoena.  ECF No. 66 at 20.  The court has already

5    rejected Bratton's request for a blanket protective order in regard to the production of his and the

6    Lodi Police Department personnel records.  Indeed, this is the third time Bratton has requested a

7    blanket protective order, and it will therefore be summarily denied.

8                        III.    SANCTIONS

9        Plaintiffs seek attorney's fees to reimburse her for bringing this motion.  They also seek

10    discovery sanctions for Bratton's counsel's disregard of their meet and confer efforts, for

11    pervasive use of discovery motions and for continuously withholding relevant discovery.  ECF

12    No. 66 at 49-53.  Bratton has not responded to these requests.

13        Bratton has no good argument for instructing Manteca to withhold the entirety of

14    plaintiff's personnel file.  He has no explanation for failing to produce redacted versions of

15    documents after plaintiff agreed to accept redacted versions.  He offers no explanation for why he

16    ignored the agreements reached in the January 30, 2015 telephone meet and confer.  Sanctions

17    may well be in order.

18                        IV.  CONCLUSION

19        For the reasons set forth above, IT IS HEREBY ORDERED that:

20        1.  The motion to quash (ECF No. 63), is DENIED in its entirety.  Manteca and Bratton

21    are ORDERED to comply with the subpoena.  However, Manteca's compliance will be excused if

22    Bratton meets the compliance obligation instead.

23        Manteca and Bratton may rely on plaintiffs' concessions in the Joint Statement, and at oral

24    argument, about the documents they do not want, and the redactions that are acceptable.

25        2.  Defendant Bratton is ORDERED TO SHOW CAUSE, in writing, no later than two

26    weeks from the date of this order why the court should not order him to pay plaintiffs' attorney's

27    fees, pursuant to Fed. R. Civ. P. 37(a)(5)(A), to reimburse plaintiffs for having to bring this

28    motion, or a statement of non-opposition to plaintiffs' request for fees.

8

3.  Plaintiffs shall, no later than thirty days from the date of this order, submit a declaration setting forth their attorney's fees incurred on this motion.  If plaintiffs seek sanctions beyond those authorized by Fed. R. Civ. P. 37(a)(5)(A), they must file a separate motion for them.

DATED: March 16, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

9