UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUKHWINDER KAUR, et al., | No. 2:14-cv-0828 GEB AC |
| Plaintiff, | |
| v. | ORDER GRANTING PLAINTIFF ATTORNEY'S FEES |
| CITY OF LODI, et al., | |
| Defendants. | |

This is an excessive force action brought by the estate of Parminder Singh Shergill (the decedent), Sukhwinder Kaur (decedent's mother), and decedent's two siblings, against Scott Bratton, one of the two City of Lodi police officers who shot the decedent to death, along with the other officer, the City, its police department and the Chief of Police. The case is proceeding on the Second Amended Complaint. ECF No. 47.

On March 16, 2015, the undersigned denied defendant Bratton's motion to quash plaintiff Sukhwinder Kaur's subpoena, which subpoena was directed to non-party City of Manteca. ECF No. 71. Defendant Bratton was further ordered to show cause why the court should not order him to pay plaintiff's attorney fees in connection with the motion.[1] Plaintiff was directed to submit

---

[1] The order to show cause mistakenly referred to Fed. R. Civ. P. 37(a)(5)(A), which governs attorney's fees for parties successfully moving to compel discovery. However, the parties appear to have correctly argued the attorney's fees under Fed. R. Civ. P. 37(a)(5)(B), which governs the award of attorney's fees to the party successfully resisting the discovery motion, here, the motion to quash.

1

1 her request for attorneys' fees.

2     The declarations of defendant's attorneys in opposition to the order to show cause ("OSC") offer no facts or arguments to address the concerns the undersigned expressed in denying the motion to quash. See Declaration of Mark Berry (ECF No. 74); Declaration of Derick E. Konz ("Konz Decl.") (ECF No. 74-1). Specifically, the court had already held, in connection with discovery involving the City of Lodi defendants, that past training records and other personnel records could not categorically be ruled to be not relevant, even if the chances of finding relevant documents might diminish with time. See ECF No. 62. Also, Bratton sought a blanket protective order for City of Manteca personnel records, even though the court had already rejected Bratton's prior request for a blanket protective order for City of Lodi personnel records. See ECF No. 31. In addition, Bratton failed to explain why he refused to produce a single document even after plaintiff agreed to accept redacted versions of some of those documents. Instead, the declarations principally assert that counsel had a "good faith belief" that the subpoenaed documents should be withheld.

15     Nevertheless, defendant's counsels' declarations, and subsequent filings by both parties, strongly suggest that plaintiff could have significantly narrowed the scope of this dispute if she had conceded earlier, rather than later, that specified documents in the personnel file – such as the credit report and birth certificate – need not be produced. It appears that rather than narrow the issues they needed to bring to the court, both sides instead dug in, with defendant refusing to produce anything at all and plaintiff insisting that nearly everything be produced (other than redacted portions). Both sides eventually – after the hearing – presented a narrower controversy for the court's review. See ECF No. 69 (Supplemental Joint Statement). The narrowing of the dispute should have occurred during the meet and confer process.

24     The court will accordingly reduce plaintiff's attorneys' fee request to reflect, very roughly, the excess work plaintiff's counsel could have avoided by narrowing the scope of the subpoena after receiving defendant's February 2, 2015 letter identifying the documents in the requested personnel file. See Konz Decl., Exh. A (ECF No. 74-1). Since the undersigned has no sensible way to determine which hours were spend on which requested documents, the fees will

be reduced instead by the amount of time plaintiffs' counsel spent initially and directly on the February 2, 2015 letter, their first opportunity to avoid the excess work.  According to the declarations of plaintiff's attorneys, those fees total $2,700 (2 hours of Merin's time on February 2nd and 3rd, 2015, and 7.2 hours of Masuhara's time on February 2nd and 3rd, 2015).  See Declaration of Mark E. Merin (ECF No. 75-1); Declaration of Paul H. Masuhara (ECF No. 75-2).

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for $18,135.00 in attorneys' fees pursuant to Fed. R. Civ. P. 37(a)(5)(B), is GRANTED, except that it is reduced by $2,700.00, for an award of $15,435.00;

2. Within fourteen days from the date of this order, defendant Bratton's counsel shall pay to plaintiff's counsel $15,435.00; and

3. Within fourteen days from the date of this order, defendant's counsel shall serve and file a sworn affidavit or declaration stating that the above payment has been made, and that it was not billed to any defendant.

DATED: May 19, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE