1

2

3

4

5

6

7
UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

8

9

10
SUKHWINDER KAUR, individually and
as the successor in interest for
11
the Decedent PARMINDER SINGH
SHERGILL; KULBINDER KAUR SOHOTA;
12
SARABJIT SINGH SHERGILL,

13
                Plaintiffs,

14
        v.

15
CITY OF LODI; CITY OF LODI POLICE
DEPARTMENT; MARK HELMS, in his
16
individual capacity as the Chief
of Police for the City of Lodi;
17
SCOTT BRATTON, in his individual
capacity as a City of Lodi Police
18
Officer; ADAM LOCKIE, in his
individual capacity as a City of
19
Lodi Police Officer;

20
                Defendants.

No. 2:14-cv-00828-GEB-AC

**ORDER DENYING DEFENDANT'S
RECONSIDERATION MOTION AND
GRANTING PLAINTIFF
ADDITIONAL ATTORNEY'S FEES**

21

22
        Defendant    Scott    Bratton    ("Defendant")    seeks

23
reconsideration of the Magistrate Judge's Order filed on May 20,

24
2015 ("May 20th Order"), under Federal Rule of Civil Procedure

25
("Rule") 72(a) and Local Rule 303(c). Specifically, Defendant

26
seeks reconsideration of the Magistrate Judge's decision granting

27
Plaintiff Sukhwinder Kaur ("Plaintiff") attorney's fees as the

28
prevailing party on Defendant's motion to quash a subpoena issued

1

1    to non-party City of Manteca Police Department for Defendant's

2    personnel records. (Mem. P. & A. Supp. Mot. Reconsideration

3    ("Mot.") 1:2-5, ECF No. 79.) Defendant argues in the alternative

4    that "the [attorney's] fee[s] . . . be drastically reduced." (Id.

5    1:16-17.)

6         The Magistrate Judge denied Defendant's motion to quash

7    the subpoena in an order filed on March 16, 2015, and in the same

8    denial order required Defendant "to show cause . . . why the

9    court should not order him to pay [P]laintiff's attorney's fees,

10   pursuant to Fed. R. Civ. P. 37(a)(5)[(B)], . . . for having to

11   [oppose Defendant's motion to quash the subpoena]."[1] (Order to

12   Show Cause 8:25-28, ECF No. 71.) The Magistrate Judge stated in

13   the May 20th Order granting Plaintiff attorney's fees:

14         The declarations of [D]efendant's attorneys
           in opposition to the order to show cause
15         ("OSC") offer no facts or arguments to
           address the concerns the undersigned
16         expressed in denying the [M]otion . . . .
           Specifically, the court had already held, in
17         connection with discovery involving the City
           of Lodi [D]efendants, that past training
18         records and other personnel records could not
           categorically be ruled to be not relevant,
19         even if the chances of finding relevant
           documents might diminish with time . . . .
20         Also, [Defendant] sought a blanket protective
           order for City of Manteca personnel records,
21         even though the court had already rejected
           [Defendant's] prior request for a blanket
22         protective order for City of Lodi personnel
           records . . . . In addition, [Defendant]
23         failed to explain why he refused to produce a
           single document even after [P]laintiff agreed

24   _____

25   [1]    The Magistrate Judge's Order granting Plaintiff attorney's fees states:
     "The order to show cause mistakenly referred to Fed. R. Civ. P. 37(a)(5)(A),
26   which governs attorney's fees for parties successfully moving to compel
     discovery. However, the parties appear to have correctly argued the attorney's
27   fees under Fed. R. Civ. P. 37(a)(5)(B), which governs the award of attorney's
     fees to the party successfully resisting the discovery motion, here, the
28   motion to quash [and for a protective order]." (Order to Show Cause 1:26-28
     n.1, ECF No. 71.)

1   to accept redacted versions of some of those
2   documents.

3   (May 20th Order 2:2-14, ECF No. 76.) Defendant argues in his

4   reconsideration motion that he should not be ordered to pay

5   attorney's fees because his motion to quash was substantially

6   justified for the following reasons:

7   [T]he issue raised by [his] motion . . . was
    distinct from any issue previously decided by
8   this court[;] [further, t]he documents
    contained within [Defendant's] Manteca Police
9   Department personnel file contained much more
    private and confidential information than
10  what was contained in his [City of] Lodi
    file[;] [t]he only redaction that the
11  Plaintiff was willing to accept during meet
    and confer was redaction of [Defendant's]
12  personal identifying information, his
    family's contact information and social
13  security numbers . . . . [; and] Plaintiffs'
    unwillingness to withdraw the request for
14  [certain documents it later conceded need not
    be produced made] the motion . . . required.
15

16  (Mot. 1:12-9:15.) Plaintiff rejoins:

17  [As t]he Magistrate Judge found in the order
    denying Defendant's motion[,] . . .
18  Defendant's withholding of clearly and, in
    some cases admittedly, relevant discovery was
19  not supported by any legal authority . . . .
    Defendant [also] produced no authority
20  supporting his position that he could
    unilaterally withhold personnel records from
21  discovery . . . . [Further,] . . . any
    deficiency in the meet and confer process was
22  a product of Defendant's failure to comply
    with []his obligation under the Rules
23  [requiring Defendant, as the moving party, to
    meet and confer prior to initiating a
24  discovery motion].

25  (Pl.'s Opp'n to Def.'s Mot. Reconsideration ("Opp'n") 4:23-

26  8:17.)[2]

27  _____
    [2]    Defendant filed a reply to Plaintiff's opposition to Defendant's
28  reconsideration motion, which Plaintiff "requests . . . be stricken and
    disregarded," (Pl.'s Obj. and Req. Strike Def.'s Reply Brief 2:14-16, ECF No.

1    Local Rule 303(f) prescribes: "The standard that the
2    assigned Judge shall use in [reconsideration of a Magistrate
3    Judge's ruling under Local Rule 303(c)] is the 'clearly erroneous
4    or contrary to law' standard set forth in 28 U.S.C. §
5    636(b)(1)(A)." "A [M]agistrate [J]udge's factual findings are
6    'clearly erroneous' when the district court is left with the
7    definite and firm conviction that a mistake has been committed."
8    Mackey v. Frazier Park Pub. Util. Dist., No. 1:12-CV-00116-LJO-
9    JLT, 2012 WL 5304758, at *2 (E.D. Cal. Oct. 25, 2012) (quoting
10   Sec. Farms v. Int'l Bhd. of Teamsters, 124 F.3d 999, 1014 (9th
11   Cir. 1997). "An order 'is contrary to law when it fails to apply
12   or misapplies relevant statutes, case law, or rules of
13   procedure.'" Id. (quoting Knutson v. Blue Cross & Blue Shield of
14   Minn., 254 F.R.D. 553, 556 (D. Minn. 2008)).

15   Defendant has not shown the Magistrate Judge's grant of
16   attorney's fees was clearly erroneous or contrary to law.
17   Therefore, this portion of Defendant's reconsideration motion is
18   denied.

19   Defendant also argues: "[E]ven if this [C]ourt finds
20   that [Defendant] was not substantially justified in bringing [his
21   motion to quash,] the fee entries submitted by the
22   Plaintiff[']s[] attorneys are not reasonable and should be
23   drastically reduced." (Mot. 1:15-17.) Specifically, Defendant
24   argues Plaintiff's attorneys' "rates are excessive," and "the

---

26   85), arguing: "[b]oth the Federal Rules of Civil Procedure and the Eastern
     District of California's Local Rules do not authorize the filing of a reply to
27   an opposition to objections to a [M]agistrate [J]udge's ruling." (Id. 1:22-24)
     (emphasis in original). However, Plaintiff has not shown that Local Rule 303
28   negates the portion of Local Rule 230(d) that authorizes a reply brief to be
     filed. Therefore, this request is denied.

1   number of . . . hours [billed by Plaintiff's attorneys are]

2   grossly excessive and unreasonable." (Id. 12:11-13:18.) However,

3   Defendant has not shown that this argument in his motion was

4   presented to the Magistrate Judge. A reconsideration motion

5   should not be used for a party to make a new argument that was

6   not presented to the Magistrate Judge. See In re Galena

7   Biopharma, Inc. Derivative Litig., No. 3:14-CV-382-SI LEAD, 2014

8   WL 5494890, at *1 (D. Or. Oct. 30, 2014) (stating: "Raising

9   arguments or providing evidence in a motion for reconsideration

10  that could have been included when litigating the original motion

11  are not proper grounds for reconsideration.") (citing Shalit v.

12  Coppe, 182 F.3d 1124, 1132 (9th Cir. 1999)). Therefore, this

13  portion of Defendant's reconsideration motion is denied.

14          Plaintiff argues she "is entitled to a further award of

15  attorney's fees incurred in the process of responding to

16  Defendant's meritless objections to the Magistrate Judge's

17  Order." (Opp'n 20:2-4.) Specifically, Plaintiff argues:

18          The Magistrate Judge found that Defendant's
            [motion to quash was] not substantially
19          justified . . . . Therefore, it follows that
            Defendant's continued resistance and
20          subsequent involvement of the District Court
            in the instant motion for reconsideration is
21          similarly unjustified.

22  (Id. 19:27-20:2.)

23          Plaintiff attaches a declaration from each of her

24  attorneys in support of her fees request. Plaintiff's attorney

25  Mark E. Merin avers he is "the sole proprietor of the Law Office

26  of Mark E. Merin[;]" has "four decades" of "extensive experience

27  in civil rights litigation . . . [;] charge[s] a fee of $450/hour

28  for [his] work[;]" and worked 1.5 hours on the opposition. (Decl.

5

1    Mark E. Merin Supp. Pl.'s Opp'n Def.'s Mot. Reconsideration ¶¶ 3-
2    5, ECF No. 83-1.)   Plaintiff's attorney Paul H. Masuhara avers:
3    he "ha[s] been employed by the Law Office of Mark E. Merin since
4    2008, initially as a legal assistant and most recently as an
5    associate attorney upon admission to the California State Bar in
6    2013[;]" "[t]he Law Office of Mark E. Merin bills [his] work at
7    an hourly rate of $250[;]" and he worked 14.75 hours "preparing"
8    the opposition to Defendant's reconsideration motion. (Decl. Paul
9    H. Masuhara Supp. Pl.'s Opp'n Def.'s Mot. Reconsideration ¶¶ 5-6,
10   ECF No. 83-2.)

11        "Reasonable attorney['] s fees are . . . calculated
12   based on the traditional 'lodestar' method. Under the lodestar
13   method, the [c]ourt determines a reasonable fee by multiplying
14   the number of hours reasonably expended on the litigation by a
15   reasonable hourly rate." Marrocco v. Hill, 291 F.R.D. 586, 587-88
16   (D. Nev. 2013) (internal citations omitted). The reasonable
17   hourly rate is "calculated according to the prevailing market
18   rates in the relevant legal community, and the general rule is
19   that the rates of attorneys practicing in the forum district,
20   here the Eastern District of California-Sacramento, are used."
21   Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992)
22   (citation omitted). "Within this geographic community, the
23   district court should 'tak[e] into consideration the experience,
24   skill, and reputation of the attorney . . . .'" Gonzalez, 729 F.3d
25   at 1205-06 (first alteration in original) (quoting Dang v. Cross,
26   422 F.3d 800, 813 (9th Cir. 2005)). **The fee applicant has the**
27   **burden of producing satisfactory evidence, in addition to the**
28   **affiliates of its counsel, that the requested rates are in line**

1   **with those prevailing in the community for similar services of**

2   **lawyers of reasonably comparable skill and reputation . . . ."**

3   Johnson v. Multnomah Cnt., 815 F.2d 1258, 1262-63 (9th Cir. 1987)

4   (emphasis added).

5          Plaintiff provides authority evincing that the hourly

6   rate sought for Merin is reasonable. (See Opp'n 13:9-14:5)

7   (citing cases). However, Plaintiff has not met her **burden of**

8   **producing satisfactory evidence, in addition to [Masuhara's]**

9   **affidavit[] . . . , that [his] requested rate[ is] in line with**

10  **those prevailing in the community for similar services of lawyers**

11  **of reasonably comparable skill and reputation."** Johnson, 815 F.2d

12  at 1262 (emphasis added). Therefore, Plaintiff is only entitled

13  to fees for Merin's work on the opposition to Defendant's

14  reconsideration motion.

15         Plaintiff has also shown that the amount of time Merin

16  spent preparing the opposition to Defendant's reconsideration

17  motion is reasonable. Specifically, Plaintiff has shown that

18  Merin reasonably billed .5 hours "review[ing] Defendant['s] . . .

19  reconsideration [motion]" and discussing it with co-counsel, and

20  one hour "review[ing], comment[ing on] and revis[ing the] draft

21  [of the] opposition." (Merin. Decl. ¶ 5.) Therefore, Defendant

22  shall pay Plaintiff $675, which reflects 1.5 hours of Merin's

23  work billed at $450/hour, within ten days from the date on which

24  this Order is filed.

25                        **I.   CONCLUSION**

26         For the stated reasons, Defendant's reconsideration

27  motion and his alternative request for a reduction of the

28  attorney's fees awarded by the Magistrate Judge are DENIED.

1    Plaintiff's request for additional attorney's fees incurred in

2    opposing Defendant's reconsideration motion is GRANTED in part.

3    Further, Defendant shall pay Plaintiff $675 within ten days from

4    the date on which this Order is filed.

5    Dated:  September 2, 2015

6

7    _____

8    GARLAND E. BURRELL, JR.
     Senior United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28