UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUKHWINDER KAUR, individually and as the successor in interest for the Decedent PARMINDER SINGH SHERGILL; KULBINDER KAUR SOHOTA; SARABJIT SINGH SHERGILL,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LODI; CITY OF LODI POLICE DEPARTMENT; MARK HELMS, in his individual capacity as the Chief of Police for the City of Lodi; SCOTT BRATTON, in his individual capacity as a City of Lodi Police Officer; ADAM LOCKIE, in his individual capacity as a City of Lodi Police Officer,<br><br>Defendants. | No. 2:14-cv-00828-GEB-AC<br><br>**ORDER DENYING OFFICER DEFENDANTS' MOTION TO DISMISS THE SECOND CLAIM OF THE THIRD AMENDED COMPLAINT** |

Defendants Scott Bratton and Adam Lockie (the "Officer Defendants") seek dismissal with prejudice of Plaintiff Sukhwinder Kaur's Fourth Amendment provocation claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6), arguing Plaintiff failed to "allege facts which plausibly state that the Decedent [Parminder Singh Shergill ('Parminder')] was seized prior to the [Officer Defendants'] use of deadly force." (Mem. P.&A. Supp. Officer Defs.' Mot. Dismiss TAC ("Mot.") 2:6–10, ECF

1

No. 89-1.)

## I.  LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the . . . court to draw on its judicial experience and common sense." Id. at 679.

"For purposes of a motion to dismiss, we accept all well-pleaded allegations of material fact as true and construe them in the light most favorable to the nonmoving party." Sateriale v. R.J. Reynolds Tobacco Co., 697 F.3d 777, 783 (9th Cir. 2012). "[Further,] the court need not accept as true conclusory allegations, nor make unwarranted deductions or unreasonable inferences." In re Gilead Sciences Secs. Litig., 536 F.3d 1049, 1057 (9th Cir. 2008) (citation omitted).

## II.  FACTUAL ALLEGATIONS

The following factual allegations in the Third Amended Complaint ("TAC") concern the dismissal motion.

Parminder was a veteran receiving treatment for post-traumatic stress disorder and schizophrenia, which manifested as

1 periodic "depression and agitation[.]" (TAC 2:2–5, ¶ 5.) He
2 "experienced the symptoms of his mental illness periodically
3 since 2003. When manifesting symptoms of his mental illness,
4 P[arminder] would become depressed and anxious, but he never
5 exhibited any violent tendencies or threatened violence to
6 himself or others." (TAC ¶ 16.) "During his episodes of manifest
7 mental illness, P[arminder] appeared not to comprehend what was
8 being said to him or to be capable of responding appropriately."
9 (TAC ¶ 16.)

10 "On January 25, 2014, P[arminder] manifested the
11 symptoms of his mental illness." (TAC ¶ 19.) His family "called
12 9-1-1 to request assistance in transporting [him] to the
13 Veteran's Clinic[,]" explaining to the 9-1-1 dispatcher "that
14 P[arminder] was disabled, manifesting symptoms of his mental
15 illness, acting 'crazy' and needed to be transported" to the
16 Clinic. (TAC ¶¶ 20–21.)

17 When the Officer Defendants arrived, the family told
18 them that Parminder was not home, but "may be in the area" since
19 he "routinely walked to the [p]ark in the morning[.]" (TAC ¶¶ 25–
20 26.) After the family requested assistance, the Officer
21 Defendants told the family "that there was nothing they could do
22 because P[arminder] was not home and had not threatened violence
23 to himself or others." (TAC ¶ 26.) They would, however, "try to
24 talk with him" if they saw him. (TAC ¶ 27.)

25 Next, the Officer Defendants drove to the park. (TAC
26 ¶ 27.) There, they "saw P[arminder] . . . walking through the
27 [p]ark and attempted to detain and question him." (TAC ¶ 29.)
28 "When the [Officer Defendants] initially confronted P[arminder],

3

he walked away from the officers, crossed the street . . ., and began to walk . . . towards his Family Home. He did not respond to [the Officer Defendants'] verbal directions . . . and continued to walk despite [their] attempts to get him to stop by following him and yelling at him." (TAC ¶ 31.) The Officer Defendants "drew their police-issued firearms and trained them on P[arminder], as he was facing away from [them] and continued to walk towards his Family Home." (TAC ¶ 38.)

The Officer Defendants "continued to pursue P[arminder] in an aggressive manner, . . . by shouting commands, closely following, and brandishing firearms trained on P[arminder]. Due to the [Officer Defendants' actions], P[arminder] became increasingly upset and afraid, exacerbating the symptoms of his mental illness and post-traumatic stress disorder." (TAC ¶ 39.)

When "approximately six house-lengths separate[d] P[arminder] from his Family Home" the Officer Defendants "yelled at P[arminder] to 'Stop!'" (TAC ¶ 42-43.) The Officer Defendants' actions "caused P[arminder] to believe that he was not free to continue his movement towards his Family Home. P[arminder] submitted to the show of authority and responded to [the Officer Defendants] commands by turning around to face them." (TAC ¶ 44.)

"As P[arminder] turned to face [them], he held his hands in the air and stated 'Don't shoot!'" (TAC ¶ 45.) "Before P[arminder] could complete the 180° turn to face [the Officer Defendants], [they] both opened fire on [him]." (TAC ¶ 46.)

### III. DISCUSSION

The Officer Defendants contend the allegations do not contain an essential element of a Fourth Amendment provocation

claim; specifically, Plaintiff fails to allege the Officer Defendants "intentionally or recklessly provoke[d] a violent confrontation" that amounted to "an independent Fourth Amendment violation . . . ." (Mot. 7:5-12 (quoting Billington v. Smith, 292 F.3d 1177, 1189 (9th Cir. 2002)).)

The Officer Defendants summarize their argument as follows: "nothing more is alleged than an attempted seizure by the Officer[ Defendant]s, a transient pause by [Parminder], and then the use of deadly force before [Parminder] could even turn around." (Mot. 10:20-23.) The Officer Defendants further argue "[a]ny momentary hesitation or compliance does not constitute a seizure . . . ." (Mot. 10:17-18.) Overall, the Officer Defendants contend Plaintiff fails to allege the Officer Defendants touched Parminder or Parminder submitted to a show of authority, before the use of deadly force, and therefore Plaintiff "still fails to allege facts which plausibly state that a preshooting Fourth Amendment seizure occurred." (Mot. 11:9-11.)

Plaintiff counters at least one independent Fourth Amendment violation occurred when the Officer Defendants commanded Parminder to stop, and in response to their command, he stopped and turned to face them. (Pl.'s Opp'n to Mot. ("Opp'n") 14:12-14, 14:20-22, 16:8-9, ECF No. 95.) Plaintiff further disputes whether Parminder's conduct during this time constituted a "transient pause" and contends a seizure "can occur immediately prior to the use of deadly force . . . ." (Opp'n 16:16-19 (citation omitted).)

"Where a police officer 'intentionally or recklessly provokes a violent confrontation, if the provocation is an

5

1 independent Fourth Amendment violation, he may be held liable for
2 his otherwise defensive use of deadly force.'" Espinosa v. City &
3 Cnty. of San Francisco, 598 F.3d 528, 538 (9th Cir. 2010)
4 (quoting Billington, 292 F.3d at 1189). "If an officer
5 intentionally or recklessly violates a suspect's constitutional
6 rights, then the violation may be a provocation creating a
7 situation in which force was necessary and such force would have
8 been legal but for the initial violation." Id. at 538–39 (citing
9 Billington, 292 F.3d at 1189). Here, the issue raised is whether
10 Plaintiff alleges in her Complaint that Parminder was seized,
11 before he was subjected to excessive force, by his submission to
12 the Officer Defendants' command that he cease moving away from
13 them.

14        "[A] person has been 'seized' within the meaning of the
15 Fourth Amendment only if, in view of all of the circumstances
16 surrounding the incident, a reasonable person would have believed
17 that he was not free to leave." United States v. Mendenhall, 446
18 U.S. 544, 554 (1980). "This determination is a necessary, but not
19 a sufficient, condition for seizure." United States v. McClendon,
20 713 F.3d 1211, 1215 (9th Cir. 2013) (internal quotation marks and
21 citation omitted). Moreover, "[a] police officer may make a
22 seizure by a show of authority and without the use of physical
23 force, but there is no seizure without actual submission;
24 otherwise, there is at most an attempted seizure, so far as the
25 Fourth Amendment is concerned." Brendlin v. California, 551 U.S.
26 249, 254 (2007).

27        Plaintiff alleges the Officer Defendants "yelled at
28 P[arminder] to 'Stop!'" (Compl. ¶ 43.) Plaintiff further alleges

their "persistent harassment, stalking, shouting of commands, and brandishing of their firearms trained on P[arminder] eventually caused [him] to believe that he was not free to continue his movement towards his Family Home." (Compl. ¶ 44, 77.)

It can be reasonably inferred from the TAC that Parminder did not continue his movement towards his Family Home, i.e., he stopped. "Stopping when a police officer yells 'stop' is a submission to authority, and constitutes a seizure under the Fourth Amendment." Slama v. City of Madera, No. 1:08-CV-810 AWI GSA, 2012 WL 2457722, at *5 n.8 (E.D. Cal. June 26, 2012) (citing California v. Hodari D., 499 U.S. 621, 626-27 (1991); United States v. Smith, 633 F.3d 889, 892 (9th Cir. 2011)). "[S]o long as the plaintiff alleges facts to support a theory that is not facially implausible, the court's skepticism is best reserved for later stages of the proceedings when the plaintiff's case can be [evaluated] on evidentiary grounds." In re Gilead, 536 F.3d at 1057.

Therefore, Plaintiff has alleged facts which plausibly state Parminder submitted to authority and was seized before the Officer Defendants' use of deadly force. Accordingly, the Officer Defendants' motion to dismiss Plaintiff's Fourth Amendment provocation claim (Second Claim) is DENIED.

Dated:   September 15, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge