UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUKHWINDER KAUR, individually and as the successor in interest for the Decedent PARMINDER SINGH SHERGILL; KULBINDER KAUR SOHOTA; SARABJIT SINGH SHERGILL,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LODI; CITY OF LODI POLICE DEPARTMENT; MARK HELMS, in his individual capacity as the Chief of Police for the City of Lodi; SCOTT BRATTON, in his individual capacity as a City of Lodi Police Officer; ADAM LOCKIE, in his individual capacity as a City of Lodi Police Officer,<br><br>Defendants. | No. 2:14-cv-00828-GEB-AC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE** |

Plaintiffs seek an order striking the fourteen affirmative defenses asserted by Defendants City of Lodi, City of Lodi Police Department, and Mark Helms. (Pls.' Mot. to Strike Affirmative Defenses ("Mot."), ECF No. 91.) Plaintiffs' motion is brought under Federal Rule of Civil Procedure ("Rule") 12(f). (Mot. 1:17–19.) Plaintiffs argue their motion should be granted because each asserted affirmative defense is either inapplicable or insufficiently pled.

1

**I.   LEGAL STANDARD**

Rule 8(b) of the Federal Rules of Civil Procedure requires a party to state "in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). Furthermore, Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

An affirmative defense may constitute "an insufficient defense" under Rule 12(f) either as a matter of law or as a matter of pleading. Kohler v. Islands Rests., LP, 280 F.R.D. 560, 563–64 (S.D. Cal. 2012). An affirmative defense is insufficient as a matter of law if it "lacks merit under any set of facts the defendant might allege." Dodson v. Strategic Rests. Acquisition Co. II, LLC, 289 F.R.D. 595, 603 (E.D. Cal. 2013) (citation and internal quotation marks omitted). An affirmative defense is insufficient as a matter of pleading if it fails to satisfy the applicable pleading standard.

The parties dispute which pleading standard applies to Plaintiffs' motion. Plaintiffs argue that the heightened pleading standard explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), applies. (Mot. 2:27-28; 3:1-2.) This standard requires a party alleging a claim to include enough facts in the claim to evince that the claim "is plausible on its face." Twombly, 550 U.S at 570.

Defendants counter that the Ninth Circuit has "announced that the fair notice standard continues to govern the sufficiency of pleading affirmative defenses in wake of the Iqbal and Twombly decisions." (Defs.' Opp'n to Mot. ("Opp'n") 4:20-22,

ECF No. 94.) Under the fair notice pleading standard, "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." Wyshak v. City Nat. Bank, 607 F.2d 824, 827 (9th Cir. 1979).

However, the parties' dispute concerning the applicable pleading standard need not be resolved here since even under the lesser Wyshak fair notice pleading standard, Plaintiffs' motion will be granted.

## II.  DISCUSSION

### A.  First Affirmative Defense: Good Faith

Defendants assert in their first affirmative defense "[t]hat at all times mentioned in the complaint on file herein, and immediately prior thereto, Defendants acted in good faith[.]" (Defs.' Answer to Third Am. Compl. ("Answer") 14:20-21, ECF No. 90.) This conclusory assertion does not adequately notice a viable affirmative defense. Therefore, Defendants' first affirmative defense is stricken.

### B.  Second, Third, Sixth, Tenth, and Fourteenth Affirmative Defenses: Failure to Allege Facts Sufficient to Constitute a Cause of Action, Fails to State a Claim, Punitive Damages, and Due Process Available

Defendants concur that the second, third, sixth, tenth, and fourteenth affirmative defenses are not proper since these defenses state a defect in Plaintiffs' *prima facie* case. (Opp'n 6:21-26, 7:22-28); see Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative

defense."). Therefore, Defendants' second, third, sixth, tenth, and fourteenth affirmative defenses are stricken.

### C. Fourth, Fifth, and Seventh Affirmative Defenses: Immunities

Defendants also concur with Plaintiffs that the fourth, fifth, and seventh affirmative defenses fail to provide Plaintiffs with "fair notice of any specific defense." (Opp'n 7:11–15 (citation omitted).) Therefore, Defendants' fourth, fifth, and seventh affirmative defenses are stricken.

### D. Eighth Affirmative Defense: Reservation of Affirmative Defenses

Defendants' eighth affirmative defense states in part: "Defendants expressly reserves [sic] the right to assert additional affirmative defenses if and to the extent that such affirmative defenses become applicable[.]" (Answer 15:17–18.)

Plaintiffs argue this is not an affirmative defense. (Mot. 9:11.) Defendants seem to agree and acknowledge they "need not reserve the right to amend . . . ." (Opp'n 8:3–4.)

The "'reservation of affirmative defenses' is not an affirmative defense." E.E.O.C. v. Timeless Invs., Inc., 734 F. Supp. 2d 1035, 1055 (E.D. Cal. 2010). Therefore, Defendants' eighth affirmative defense is stricken.

### E. Ninth Affirmative Defense: Comparative Negligence

Defendants' ninth affirmative defense states:

> Defendants assert that if Defendants are adjudged, decreed, or otherwise determined to be liable to Plaintiff, then in that event, Defendants will be entitled to apportion the degree of their fault or responsibility for said incident attributable to the Plaintiff or to any other Defendants named herein or

4

> yet to be named. The amount of damages attributable to these answering Defendants is to be abated, reduced, or eliminated to the extent that the Plaintiffs' own negligence, or the negligence of any other Defendants, contributed to the Plaintiffs' claimed damages, if any there were. This apportionment of damages is to be administered in accordance with the principles of equity and pursuant to the doctrine of comparative negligence and pursuant to Civil Code Section 1431.2.

(Answer 15:19-27.)

Plaintiffs argue "Defendants' assertion of this affirmative defense is completely devoid of the requisite facts . . . . provid[ing] 'fair notice' of this defense." (Mot. 10:18-21.) Defendants counter that this affirmative defense is sufficient because it is similar to an affirmative defense upheld in Edwards v. County of Modoc, No. 2:14-cv-02646-MCE-KJN, 2015 WL 4456180 (E.D. Cal. July 20, 2015), where "Defendants allege[d] that Plaintiff's contributory negligence caused and contributed to his damages." Id. at *3.

"A bare assertion of negligence or contributory fault without 'any indication of the conduct supporting the defense' does not pass muster, even under the fair notice standard." Devermont v. City of San Diego, No. 12-CV-01823 BEN (KSC), 2013 WL 2898342, at *6 (S.D. Cal. June 14, 2013) (quoting Roe v. City of San Diego, 289 F.R.D. 604, 611-12 (S.D. Cal. 2013)). Here, Defendants do not indicate any conduct supporting this affirmative defense. Therefore, Defendants' ninth affirmative defense is stricken.

5

**F. Eleventh Affirmative Defense: Failure to Mitigate Damages**

Defendants' eleventh affirmative defense states "Plaintiffs have failed to mitigate their damages, if any there are[.]" (Answer 16:3-4.)

Plaintiffs argue this affirmative defense is irrelevant and immaterial since "Plaintiffs have not alleged that their damages are 'continuing.'" (Mot. 11:17-18.) Defendants counter that Plaintiffs' Third Amended Complaint ("TAC") both does, and does not, allege such damages, contending: "Plaintiffs' deprivation of association claim . . . does not clearly indicate whether they suffer from continuing or enhanced damages," (Opp'n 9:15-17), and "Plaintiff has admitted in its TAC to continuing damages." (Opp'n 9:22.) However, Plaintiffs' deprivation of association claims (Third and Fourth Claims) are not asserted against Defendants City of Lodi, City of Lodi Police Department, and Mark Helms. (TAC ¶¶ 80, 85; Answer 9:10-19.) Plaintiffs state in their Reply brief: "Plaintiffs agree that the allegations properly state a claim for continuing damages" and therefore, "a failure to mitigate claim is appropriate." (Pls.' Reply to Opp'n to Mot. ("Reply") 6:18-19, ECF No. 97.)

Plaintiffs further argue "Defendants have not properly stated [this affirmative defense]." (Mot. 11:21.) Defendants counter that this affirmative defense provides fair notice. (See Opp'n 9:23-25.)

However, Defendants' failure to mitigate affirmative defense "gives no notice to [Plaintiffs] of the basis of [their] alleged failure to mitigate." Kohler v. Staples the Office

6

Superstore, LLC, 291 F.R.D. 464, 469 (S.D. Cal. 2013). Contra Eurow & O'Reilly Corp. v. Superior Mfg. Group, Inc., No. CV 14-6595-RSWL VBKX, 2015 WL 1020116, at *3 (C.D. Cal. Mar. 6, 2015) ("Though [p]laintiff does not allege specific facts to support its allegation, [c]ourts have typically held that a generalized statement . . . meets [a party's] pleading burden with respect to the affirmative defense of damage mitigation." (alterations in original) (citation and internal quotation marks omitted)).

Therefore, Defendants' eleventh affirmative defense is stricken.

### G.   Twelfth Affirmative Defense: Immunity

Defendants assert in their twelfth affirmative defense

> they are immune from liability as a result of executive and/or legislative and/or judicial immunity under the common law, United States statutes, and the opinions of the State and Federal Courts interpreting these laws. Chief Mark Helms contends that he is entitled to the defense of qualified immunity. City of Lodi contends that Officer Bratton and Lockie [the "Officer Defendants"] are entitled to the defense of qualified immunity[.]

(Answer 16:5-9.)

Plaintiffs argue "the [first] sentence should be stricken because it is 'redundant' under Rule 12(f)[,]" and fails to provide fair notice of the asserted immunities. (Mot. 12:16-21 (referring to arguments made for the fourth affirmative defense).) Defendants counter that the first sentence should not be stricken because "the first sentence lists the applicable background authority Defendants will rely upon in asserted [sic] the qualified immunity defense." (Opp'n 10:26-27.)

7

The first sentence is stricken since it is evident that it fails to provide fair notice of what is asserted.

Plaintiffs also challenge the second sentence for the first time in their Reply brief. (Reply 7:18–28.) However, "[t]he district court need not consider arguments raised for the first time in a reply brief." Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007). Therefore, this argument is disregarded.

Plaintiffs also challenge the third sentence, arguing that the Officer Defendants "are separately represented and Defendant City of Lodi cannot raise this [qualified immunity] defense on behalf of another party." (Mot. 12:23–27 (citations and internal quotation marks omitted).) Defendants counter that Defendant City of Lodi has properly asserted qualified immunity on behalf of the Officer Defendants since Defendant City of Lodi's liability is contingent on whether the Officer Defendants' conduct was unlawful. (Opp'n 11:14–17, 12:20–22.)

The affirmative defense as stated, however, does not put Plaintiffs on notice as to how the Officer Defendants' immunity relates to Defendant City of Lodi's liability or the basis for Defendant City of Lodi's standing to assert an affirmative defense which can be asserted by certain individuals. Therefore, the third sentence is stricken.

**H.  Thirteenth Affirmative Defense: Self-Defense and Defense of Others**

Defendants assert "[t]hat at all times mentioned in the [TAC] . . . and immediately prior thereto, Defendants acted in self-defense and in the defense of others[.]" (Answer 16:10–11.) Plaintiffs argue "[t]his affirmative defense makes no sense in

the context of the answering City Defendants, because none of those answering City Defendants was at the scene of the incident when Parminder Singh Shergill was shot to death." (Mot. 13:7-9.) Defendants counter that Defendant City of Lodi asserts this defense. (Opp'n 13:3-18.)

Defendants have not provided Plaintiffs with fair notice of the factual basis supporting this affirmative defense. See Qarbon.com Inc. v. eHelp Corp., 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) (striking affirmative defenses of waiver, estoppel, and unclean hands in part because defendant "fail[ed] to allege the factual basis"). Therefore, the thirteenth affirmative defense is stricken.

### III.  CONCLUSION

For the reasons stated, Plaintiffs' motion to strike is granted. Defendants have fourteen (14) days leave from the date on which this order is filed to file an amended answer addressing any affirmative defense.

Dated:   September 18, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

9