UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUKHWINDER KAUR, individually and as the successor in interest for the Decedent PARMINDER SINGH SHERGILL; KULBINDER KAUR SOHOTA; SARABJIT SINGH SHERGILL,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LODI; CITY OF LODI POLICE DEPARTMENT; MARK HELMS, in his individual capacity as the Chief of Police for the City of Lodi; SCOTT BRATTON, in his individual capacity as a City of Lodi Police Officer; ADAM LOCKIE, in his individual capacity as a City of Lodi Police Officer,<br><br>Defendants. | No. 2:14-cv-00828-GEB-AC<br><br>**ORDER** |

On November 2, 2015, and November 16, 2015, Plaintiffs filed motions each of which was noticed for hearing before the undersigned district judge and seeks sanctions under Federal Rule of Civil Procedure ("Rule") 37(c)(1). (ECF Nos. 110, 111, 112, 121.) However, Local Rule 302(c)(1) prescribes that "[a]ll discovery motions, **including Fed. R. Civ. P. 37 motions**" are referred to the assigned magistrate judge. E.D. Cal. Local Rule 302(c)(1) (emphasis added). Therefore, this portion of each

1

motion should not have been noticed for hearing before the undersigned district judge and instead should be re-noticed for hearing before the assigned magistrate judge. The remainder of each motion has not been shown ripe for judicial decision in light of Plaintiffs' position in their Rule 37(c)(1) motion that expert reports should be stricken or precluded, and expert witnesses should be excluded, because of Defendants' alleged failure to comply with Rule 26(a)(2). Fed. R. Civ. P. 26(a)(2) (governing the disclosure of expert testimony). Therefore, the remaining portion of each motion is denied under the ripeness doctrine.

Dated:  November 25, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge