UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUKHWINDER KAUR, et al., | No. 2:14-cv-0828 GEB AC |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFFS' MOTION TO STRIKE EXPERT WITNESSES |
| CITY OF LODI, et al., | |
| Defendants. | |

This is an excessive force action brought by the estate of Parminder Singh Shergill (the decedent), Sukhwinder Kaur (decedent's mother), and decedent's two siblings, against two City of Lodi police officers, the City, its police department and its Chief of Police. The case is proceeding on the Third Amended Complaint. ECF No. 88.

Plaintiffs have moved, pursuant to Fed. R. Civ. P. ("Rule) 37(c), to strike six of defendants' expert disclosures, as a discovery sanction for defendants' alleged failure to comply with Rule 26(a)(2)(B), regarding the contents of expert reports, and to preclude the witnesses from testifying at trial. ECF Nos. 110 (Massad F. Ayoob), 111 (Donald E. Vilfer), 112 (Michael H. Wellins), 121 (Marissa Meininger), 136 (Gary A. Gregson), 137 (Alexander Jason). Plaintiffs also ask for attorneys' fees as an additional sanction.

////

////

1

These motions were referred to the undersigned by E.D. Cal. R. ("Local Rule") 302(c)(1) and the November 23, 2015 Order of the district judge presiding over this case (ECF No. 129).[1]

For the reasons stated below, the court will deny the motions.

## I. STANDARDS

Rule 26(a) (2) "requires parties to disclose the identity of any expert witness." Goodman v. Staples The Office Superstore, LLC, 644 F.3d 817, 824 (9th Cir. 2011). For the expert disclosures at issue here, "Rule 26(a)(2)(B) requires disclosure of a detailed, written expert report." Robinson v. HD Supply, Inc., 2013 WL 5817555 at *2, 2013 U.S. Dist. LEXIS 155196 at *4 (E.D. Cal. 2013) (Burrell, J.). That report must contain, among other things:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them; [and]
>
> (iii) any exhibits that will be used to summarize or support them . . ..

"Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed," Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001), "unless the failure was substantially justified or is harmless."

## II. THE EXPERTS

On December 9, 2015, defendants jointly filed a Joint Disclosure of Expert Witnesses, disclosing seven retained expert witnesses. See ECF No. 137-1 at 5-7. Plaintiffs now ask the court to strike six of those disclosed experts.[2] The principal basis for the motions is plaintiffs' argument that the reports are not sufficiently detailed and complete. The undersigned rejects

---

[1] The referral order expressly states that the assigned magistrate judge is to decide only those portions of the motions that allege "Defendants' alleged failure to comply with Rule 26(a)(2)." The remaining portions of the motions are denied "under the ripeness doctrine." Id. at 2. Accordingly, although plaintiffs argue for exclusion of these witnesses under the Federal Rules of Evidence, this order does not address any issue that is not included in Fed. R. Civ. P. 26(a)(2).

[2] Defendants moved to strike the seventh expert also, but have since withdrawn that motion. See ECF No. 147.

1  those arguments, as each report contains the information required by Rule 26(a)(2)(B), as
2  explained more fully below.
3     Plaintiffs are correct that it would be unfair to require them take expensive depositions
4  just to find out what an expert's opinions really are, or what the real bases and reasons are for
5  those opinions, or what facts and data underlie the opinion.  However, in the case of each of these
6  experts (other than Vilfer, whose report the undersigned has not seen), the opinions, bases and
7  reasons, and facts and data are present.
8     Thus, each report gives plaintiffs enough information to help plaintiffs determine whether
9  the expert is worth deposing, or whether he is worth challenging as an expert.  Moreover, the
10 federal rules provide plaintiffs with the means to ensure that each expert will be limited to the
11 disclosed opinions, bases and reasons, and facts and data, in their trial testimony.
12    This order briefly addresses below, only the arguments that are specific to particular
13 reports.
14       A.  Massad F. Ayoob
15          1.  Improper format
16    Plaintiffs argue that Ayoob's report (ECF No. 110-1), is in an "improper format," because
17 it takes the form of "questions I expect to be asked upon direct examination by retaining counsel,
18 my answers to those questions, and explanations of those answers."  Ayoob Report (ECF
19 No. 110-1) at 18.  Plaintiffs argue that "Rule 26(a)(2)(B) *explicitly* provides the required format
20 of an expert's written report – and Mr. Ayoob's report does not conform."  ECF No. 110 at 10
21 (emphasis in text).
22    Plaintiffs do not explain why the format used by defendants does not conform to the
23 "explicit" format set forth in the rule: "a complete statement of all opinions the witness will
24 express and the basis and reasons for them."  Ayoob's report sets forth all of his opinions, and the
25 bases and reasons for them, even though they are stated in question-and-answer format.
26          2.  Insufficiency
27             a.  No materials cited
28    Plaintiffs argue that Ayoob's report is insufficiently detailed because it "is entirely

3

unsupported by reference to any materials that he relied on in reaching this conclusion, other than his reference to the autopsy report." Plaintiffs are incorrect. Ayoob's report is clear that it relies upon, among other things, the autopsy report (as plaintiffs concede), the testimony of "eyewitnesses and 'earwitnesses'" (ECF No. 110-1 at 20, 26, 28), descriptions of the officers' physical statures (id. at 21), custom and practice of uniformed patrol officers (id.), TASER protocol (id. at 22), TASER effectiveness (id. at 23), Officer Lockie's prior confrontation (id. at 25), and mathematical calculations (id. at 27).

If plaintiffs believe that Ayoob should not rely on these or any of the other materials he relies upon, they are free to challenge him on the point at deposition or on cross-examination. However, the point of Rule 26(a)(2)(B) is not to for defendants to provide plaintiffs with opinions that plaintiffs can fully agree with, nor opinions that plaintiffs will agree are fully supported by the proffered underlying bases and reasons. The point, as plaintiffs themselves point out, is to give them enough information to help them determine whether this expert is worth deposing, or whether he is worth challenging as an expert. This report thus gives plaintiffs all the information that is required by Rule 26(a)(2)(B).

### b. Wholesale adoption of testimony

Plaintiffs argue that "Mr. Ayoob's conclusion is apparently (but not explicitly) based on his wholesale adoption of the Officer Defendants' testimony, in contrast to and in disregard of the contradictory testimony of independent eye-witnesses to the shooting." ECF No. 110 at 10. This is incorrect, as the report does not adopt the officers' testimony wholesale, and is not entirely dependent upon it, as was apparently the case in Gregory v. Oliver, 2002 U.S. Dist. LEXIS 24730 at *8-9 (N.D. Ill. 2002), which plaintiffs cite in support. The report naturally reports what conclusions may be drawn if events occurred the way the officers said they occurred. However, plaintiffs do not identify anywhere in the opinion where Ayoob "adopts" such testimony.

### 3. Gun firing demonstration

Plaintiffs point out that that Ayoob states that he:

> expects to do a video demonstration of speed of fire with the Glock 22 pistol at the distances involved, to present at trial, and will stand ready to do the same at any safe shooting range should the trial

> judge feel it warranted that the jury see the demonstration performed "live fire."

ECF No. 110-1 at 21. From this, plaintiffs argue that the report is not a "complete statement" of Ayoob's opinions and does not contain all the data he considered in forming those opinions. However, Ayoob does not base his opinion or summary on such a proposed demonstration, and is merely offering to give a demonstration as an aid to the jury. The dispute is therefore premature, and can only be decided by the district judge if defendants try to get this demonstration in at trial.

To the degree plaintiffs are proposing to file supplemental reports with this demonstration, that matter can be addressed by motion if plaintiffs try to submit it. It is premature to rule on a motion that has not been filed.

B. Donald E. Vilfer, J.D.

Defendants designated Vilfer in their list of retained experts, but did not provide an expert report for him at that time. His proposed role is to

> perform a forensic analysis of the Plaintiff[']s security system to include a DVR devi[c]e that was recording video footage of the dec[e]dent's home and surrounding area on January 25, 2014. Mr. Vilfer will testify regarding [t]he recoverability of the video footage and will authenticate any footage recovered from the device.

Defendants' Joint Disclosure of Expert Witnesses (ECF No. 111-1) at 6 ¶ 4.

Defendants assert that they were unaware of the existence of the video system until they took the deposition of plaintiff Sarabjit Shergill on August 26, 2015, just ahead of the September 18, 2015 expert disclosure deadline. They immediately demanded production of the video (which was immediately produced), scrambled to find an expert and retain him, but did not get the inspection done in enough time to get the report filed in time for the expert designations. Defendants have now provided plaintiffs with Vilfer's report.

Setting aside the question of whether Vilfer is properly categorized as an expert (a question for the district judge), the undersigned finds that the delay in providing the report is substantially justified and harmless, not warranting the striking of this expert or his report.

C. Michael H. Wellins

Plaintiffs argue that Wellins' report (ECF No. 112-1 at 14-20) is "insufficient."

1  According to plaintiffs, the report "is nothing more than a vague and sketchy statement of
2  conclusory 'opinions,' unsupported by the requisite explanation or analysis of *how* or *why* a
3  particular conclusion was reached." ECF No. 112 at 9 (emphases in text).  It is not correct that
4  the conclusions are "conclusory."  They are based upon the bases and reasons included in the
5  report.

6  Even assuming that the bases and reasons are themselves insufficient to justify the
7  conclusions, that is not a matter of compliance with Rule 26(a)(2)(B).  As a discovery matter,
8  Rule 26(a)(2)(B) does not address the sufficiency of the "bases and reasons" to justify the
9  opinions offered.  Instead, the rule only requires that the report *contain* the opinions, together
10  with their bases and reasons.  Once those elements are present in the report, plaintiffs have all the
11  information they need to determine whether they will depose the expert, have him disqualified as
12  an expert entirely, or try to discredit him on cross-examination, given the supposed weaknesses of
13  his bases and reasons.

14  D.  Marissa Meininger

15  Plaintiffs argue that Meininger's report (ECF No. 121-1 at 14-22) is insufficient because it
16  is "preliminary," does not include a promised CD of her "technical bench notes and supporting
17  data," does not explain what she means by "[t]he previously reported DNA results for the Knife
18  Thumb Groove and Lock Swab (item 35D)," and does not explain how the defendants' DNA
19  samples were "excluded" as contributors to item 35D.

20  Meininger's report is indeed quite brief, but it provides all the information required by
21  Rule 26(a)(2)(B).  The report is not "preliminary," and plaintiffs do not explain why they argue it
22  is. Rather, the report contains Meininger's complete opinions: the officers' DNA is not found on
23  the knife the decedent was said to have on his person when he was shot.  The report provides an
24  explanation of DNA analysis, and a "Table of Results" that, according to Meininger, explains
25  how she was able to exclude the officers.  Therefore, as far as the undersigned can tell (not being
26  an expert in DNA analysis procedure or science), the explanation for Meininger's opinions are
27  contained in the explanation and Table, as are the bases and reasons, and the underlying facts and
28  data.  If plaintiffs do not *understand* the explanation and the bases and reasons offered, they can

ask Meininger about it at the deposition, cross-examine her about it, or hire their own expert to explain it to them. Nothing in Rule 26(a)(2)(B) requires an expert report to explain its bases and reasons in terms that lay plaintiffs or their counsel can easily understand. It only requires that the bases and reasons be laid out in the report.

As for the promised CD, it does not appear that Meininger is required to provide it. Plaintiffs offer no authority for the proposition that it must be provided, and plaintiffs offer non-binding authority for the proposition that it need not be provided. See Gillespie v. Sears, Roebuck & Co., 386 F.3d 21, 35 (1st Cir. 2004) ("Gillespie claims that this expert discovery rule itself required the working notes because it requires a report stating the expert's opinions and reasoning and 'the data or other information considered by the witness in forming the opinions.' Fed. R. Civ. P. 26(a)(2)(B). But this language does not require that the expert report contain, or be accompanied by, all working notes or recordings . . ."). It may well be preferable for Meininger to avoid making such promises, but the undersigned knows of no basis for striking this expert because she did not provide the promised CD.[3]

E.  Lt. Gary A. Gregson (Ret.)

Plaintiffs argue that Gregson's report (ECF No. 136-1 at 14-23) is "insufficient." However, the report sets forth Gregson's "Opinion," which is immediately followed by the "Basis" for his opinion. Plaintiffs' problem here, as it is with all the other reports, is that in their view the conclusions are "mere conjecture" because they are not adequately supported by the proffered bases and reasons, not that the bases and reasons are omitted from the report. However, if plaintiffs think that Gregson's bases and reasons (or the underlying facts or data) are not good enough to support his opinion, or if they disagree with the conclusions Gregson draws from those bases, they can ask him about it at deposition or on cross-examination. There is nothing in Rule 26(a)(2)(B) that requires a party to provide an expert report that his opponent will agree with. It only has to contain the required information. Gregson's plainly does.

---

[3] Plaintiffs claim that they do not to know what Meininger is referring to when she refers to "The previously reported DNA results for the Knife Thumb Groove and Lock Swab (item 35D)." ECF No. 121-1 at 14. However, item 35D is identified in the Table of Results, and it was provided to plaintiffs as part of the initial disclosures, according to defendants.

F. <u>Alexander Jason</u>

Plaintiffs argue that Jason's report (ECF No. 137-1 at 14-45) is "insufficiently" detailed and complete. However, Jason's report complies with Rule 26(a)(2)(B). For each opinion, it contains a "Finding," immediately followed by the "Basis" for the finding.

Plaintiffs point out that the report relies upon "A series of experiments with exemplar fleece jackets" for one of its conclusions. <u>See</u> ECF No. 137-1. Plaintiffs say they do not know what experiments Jason is talking about. However, the report explains what the experiments were, and contains photographs illustrating the experiments.[4] The motion to strike this expert or his report will be denied.

### III. CONCLUSION

For the reasons explained above, there has been no violation of Rule 26(a)(2)(B) that would justify excluding the witnesses as a discovery sanction. The undersigned expresses no opinion regarding the qualifications of the proffered witnesses, or the admissibility or appropriate scope of their testimony. Those are matters for the trial judge.

Accordingly, IT IS HEREBY ORDERED that plaintiffs' motions to exclude expert witnesses and for sanctions (ECF Nos. 110, 111, 112, 121, 136 and 137) are DENIED.

DATED: January 7, 2016

_allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[4] In addition, as plaintiffs do with Gregson's and other reports, they cite Fed. R. Evid. ("FRE") 702 in support of their Rule 26(a)(2)(B) argument. <u>See, e.g.</u>, ECF No. 137 at 11 (citing FRE 702 advisory committee notes for "Insufficiency of Expert Report"). FRE 702 admissibility issues are not before the undersigned.

8