UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUKHWINDER KAUR, et al.,

Plaintiffs,

v.

CITY OF LODI, et al.,

Defendants.

No. 2:14-cv-0828 TLN AC

ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL AT&T MOBILITY TO PRODUCE DOCUMENTS

This is an excessive force action brought by the estate of Parminder Singh Shergill (the decedent), Sukhwinder Kaur (decedent's mother), and decedent's two siblings, against two City of Lodi police officers, the City, its police department and its Chief of Police. The case is proceeding on the Third Amended Complaint. ECF No. 88.

Plaintiffs have filed a motion to compel non-party AT&T Mobility to produce the cell phone text-messages exchanged between the two police officers, Miles Scott Bratton and Adam Lockie, including those exchanged on the day of the shooting. This matter came on for hearing on January 27, 2016. Plaintiffs were represented by counsel, and counsel for the officers was also present at the hearing.

For the reasons stated below, the motion to compel will be granted.

////

////

## I. BACKGROUND

AT&T Mobility has refused to produce the text messages "without the required written consent," citing Cal. Pub. Util. Code § 2891(a) and Cal. Civ. Proc. Code § 1985.3(f). AT&T further asserts that the phone accounts are held in the name of the officers' wives, and that the wives have not given their consent.

From the representations made at the hearing, the court is satisfied that the cell phones at issue are used primarily or exclusively by the officers. Further, the court is satisfied that the officers and their wives are aware of this motion, have had the opportunity to be heard on the motion, and have declined to participate. AT&T has also refused to participate in this motion.

## II. ANALYSIS

The subpoena requests the production of plainly relevant information from AT&T Mobility. The two state statutes cited to withhold this information do not apply in this federal court litigation. See Kerr v. U.S. Dist. Court for N. Dist. of California, 511 F.2d 192, 197 (9th Cir. 1975) ("[I]n federal question cases the clear weight of authority and logic supports reference to federal law on the issue of the existence and scope of an asserted privilege") (internal quotation marks omitted), aff'd, 426 U.S. 394 (1976); United States v. Blackman, 72 F.3d 1418, 1423 (9th Cir. 1995) ("since the adoption of the Federal Rules of Evidence, courts have uniformly held that federal common law of privilege, not state law applies") (internal quotation marks omitted), cert. denied, 519 U.S. 911 (1996); Fed. R. Evid. 501 ("[t]he common law – as interpreted by the United States courts in the light of reason and experience – governs a claim of privilege . . .").

Further, Cal Civ. Proc. Code § 1985.3(a) is, by its terms, inapplicable to subpoenas issued in federal court cases.[1] Section 2891(a) also does not appear to apply to subpoenas for cell phone records, but even if it did apply, it does not authorize AT&T Mobility to withhold documents in

---

[1] That statute applies only to subpoenas issued in cases under the California Civil Code. Cal Civ. Proc. Code § 1985.3(a) (a "subpoenaing party is a person who causes 'a subpoena duces tecum to be issued or served in connection with any civil action or proceeding pursuant to this code'"); RBS Secs. Inc. v. Plaza Home Mortg., Inc., 2012 WL 3957894 at *1, 2012 U.S. Dist. LEXIS 128686 at *2 (S.D. Cal. 2012) ("By its terms, CCP 1985.3 applies to a person who causes 'a subpoena duces tecum to be issued or served in connection with any civil action or proceeding pursuant to this code . . .'").

the face of a federal court order compelling their production.[2] Cal. Pub. Util. § 2894(a); McArdle v. AT & T Mobility LLC, 2010 WL 1532334 at *6, 2010 U.S. Dist. LEXIS 47099 at *15-16 (N.D. Cal. 2010) ("section 2894 of the utilities code provides an exception to this rule for court orders").

## III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiffs' Motion To Compel (ECF No. 149) is GRANTED;
2. Plaintiffs shall serve this order on AT&T Mobility.
3. AT&T Mobility is ORDERED to produce the requested information to plaintiffs within seven (7) calendar days of being served with this order.

DATED: January 27, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

[2] See Kamalu v. Walmart Stores, Inc., 2013 WL 4403903 at *6, 2013 U.S. Dist. LEXIS 116590 at *16 (E.D. Cal. 2013) (Boone, M.J.) (Section 2891(a) applies only to "residential subscribers," and does not apply to subpoenas for cell phone records).