UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUKHWINDER KAUR, individually and as the successor in interest for the Decedent PARMINDER SINGH SHERGILL; KULBINDER KAUR SOHOTA; SARABJIT SINGH SHERGILL,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LODI; CITY OF LODI POLICE DEPARTMENT; MARK HELMS, in his individual capacity as the Chief of Police for the City of Lodi; SCOTT BRATTON, in his individual capacity as a City of Lodi Police Officer; ADAM LOCKIE, in his individual capacity as a City of Lodi Police Officer,<br><br>Defendants. | No. 2:14-cv-00828-TLN-AC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO STRIKE** |

Plaintiffs seek an order striking ten affirmative defenses asserted by Officer Defendants Scott Bratton and Adam Lockie (collectively, "Officer Defendants") in their Answers to the Third Amended Complaint. Plaintiffs' motion is brought under Federal Rule of Civil Procedure ("Rule") 12(f). (Pls.' Mot. to Strike Affirmative Defenses from Def. Bratton's & Def. Lockie's Answers to Third Am. Compl. ("Mot."), ECF No. 138.) For the reasons set forth below, Plaintiffs' motion is GRANTED IN PART and DENIED IN PART.

**I. LEGAL STANDARD**

    A.    <u>Motion to Strike</u>

Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion is to avoid the expenditure of time and money that must arise

1

from litigating spurious issues by dispensing with those issues prior to trial . . . ." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). However, Rule 12(f) motions "are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." Id. (citation omitted). Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings. Wyshak v. City Nat'l Bank, 607 F.2d 824, 826 (9th Cir. 1979); see also Fed. R. Civ. P. 15(a)(2). If a court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving the assessment of the sufficiency of the allegations for adjudication on the merits after proper development of the factual nature of the claims through discovery. See generally Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974–75 (9th Cir. 2010).

      B.      Pleading Standard

Rule 8(c) provides, in pertinent part, that "a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). The Ninth Circuit states that "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." Wyshak, 607 F.2d at 827 (citing Conley v. Gibson, 355 U.S. 41, 47–48 (1957)); accord Simmons v. Navajo, 609 F.3d 1011, 1023 (9th Cir. 2010); Schutte & Koerting, Inc. v. Swett & Crawford, 298 Fed. App'x 613, 615 (9th Cir. 2008).[1]

Under the fair notice standard, a defendant is only required to "state the nature and grounds for the affirmative defense." Kohler v. Islands Rests., LP, 280 F.R.D. 560, 564 (S.D. Cal. 2012) (citing Conley, 355 U.S. at 47). "On the other hand, an affirmative defense is legally insufficient only if it clearly lacks merit 'under any set of facts the defendant might allege.'" Id. (quoting McArdle v. AT&T Mobility, LLC, 657 F. Supp. 2d 1140, 1149–50 (N.D. Cal. 2009)).

---

[1] The parties dispute which pleading standard applies to Plaintiffs' motion. However, the Court applies the Wyshak "fair notice" pleading standard in this instance, consistent with other courts within the Eastern District of California. Aubin Indus., Inc. v. Caster Concepts, Inc., No. 2:14-CV-02082-MCE, 2015 WL 3914000, at *6 (E.D. Cal. June 25, 2015) (England, C.J.).

The pleadings are only required to describe each defense in "general terms," as long as it gives the plaintiff fair notice of the nature of the defense. Kohler v. Flava Enters., Inc., 779 F.3d 1016, 1019 (9th Cir. 2015).

**II. ANALYSIS**

A. <u>Asserted Failure to Identify Which Claim or Claims the Asserted Affirmative Defenses Are Applicable To</u>

Plaintiffs move to strike each affirmative defense, arguing "every single affirmative defense asserted by Officer Defendants is 'insufficient' because each one fails to identify to which claim or claims it is applicable." (Mot. 4:9–10.) Officer Defendants counter that "Plaintiffs cite no cases in this circuit that explicitly require every affirmative defense to be particularly tied to a specific claim." (Defs.' Opp'n to Mot. ("Opp'n") 2:22–23, ECF No. 142.)

Plaintiffs' reliance on, *inter alia*, <u>Byrne v. Nezhat</u>, 261 F.3d 1075 (11th Cir. 2001), <u>abrogated on other grounds as recognized by</u> <u>Nurse v. Sheraton Atlanta Hotel</u>, 618 F. App'x 987, 990 (11th Cir. 2015), is inapposite. There, "[defendant]'s answer to the amended complaint asserted twenty-six affirmative defenses, most of which were pled in one sentence. . . . [B]ecause they addressed the amended complaint as a whole they were, as a practical matter, . . . vague and ambiguous . . . ." <u>Id.</u> at 1129. Here, Officer Defendants' asserted affirmative defenses are not vague and ambiguous and are therefore unlike the "shotgun" pleading present in <u>Byrne</u>. Moreover, Plaintiffs have not shown that Officer Defendants are required as a matter of pleading to "identify to which claim or claims [the asserted affirmative defense] is applicable." (Mot. 4:5–6.) Therefore, this portion of Plaintiffs' dismissal motion is denied.

B. <u>First Affirmative Defense: Contributory Negligence by Decedent, and Fourth Affirmative Defense: Contributory Negligence by Plaintiff</u>

Plaintiffs move to strike the Officer Defendants' first affirmative defense of contributory negligence by decedent Parminder Shergill ("decedent"), arguing, *inter alia*, "Plaintiffs are not provided with 'fair notice' of this defense." (Mot. 5:19–20.) The parties agree that these affirmative defenses apply to Plaintiffs' negligence claims. (Opp'n 5:2–4, 7:19–21; Mot. 4:21–22, 8:14–15.) Contributory negligence is an affirmative defense listed in Rule 8(c)(1),

3

and this affirmative defense in its entirety provides Plaintiffs with fair notice.  Therefore, this portion of Plaintiffs' motion is denied.

### C.   Second Affirmative Defense: Failure to Mitigate

Plaintiffs move to strike Officer Defendants' second affirmative defense—failure to mitigate—arguing "the allegations of this defense fail to provide the requisite 'fair notice.'" (Mot. 6:14.)  However, "'[c]ourts have typically held that a generalized statement . . . meets [a party's] pleading burden with respect to the affirmative defense of damage mitigation." Eurow & O'Reilly Corp. v. Superior Mfg. Grp., Inc., No. CV 14-6595-RSWL VBKX, 2015 WL 1020116, at *3 (C.D. Cal. Mar. 6, 2015) (alterations in original) (citation and internal quotation marks omitted); see also Hamilton v. Quinonez, No. 1:14-CV-1216-LJO, 2015 WL 1238245, at *4 (E.D. Cal. Mar. 17, 2015) report and recommendation adopted, No. 1:14-CV-1216-LJO-MJS, 2015 WL 1606969 (E.D. Cal. Apr. 9, 2015) (applying Iqbal/Twombly pleading standard to affirmative defenses).  Moreover, "[t]he fair notice standard only requires the pleading to provide a plaintiff with fair notice of the nature and grounds of the affirmative defense, not to prove that the defendant will ultimately prevail." Rapp v. Lawrence Welk Resort, No. 12-CV-01247 BEN WMC, 2013 WL 358268, at *7 (S.D. Cal. Jan. 28, 2013).  Therefore, Plaintiffs' motion to strike the second affirmative defense is denied.

### D.   Third Affirmative Defense: Punitive Damages

Plaintiffs seek to strike Officer Defendants' third affirmative defense, which states: "Punitive damages are not recoverable against B[ratton/Lockie] as his conduct was reasonable, necessary, and lawful at all times during his contact with the decedent."  (Bratton Answer 12, ECF No. 127; Lockie Answer 11, ECF No. 128.)  Plaintiffs argue "this is not an affirmative defense; it is a denial of Plaintiffs' allegations that Officer Defendants' conduct subjects them to punitive damages."  (Mot. 7:11–13.)  Officer Defendants oppose, arguing "Defendants contend that their conduct was reasonable, necessary and lawful." (Opp'n 7:13–14.)

Officer "Defendants' denial of punitive damages is not an affirmative defense, but rather is an assertion that Plaintiff[s] ha[ve] not proved essential elements of [their] claim." Roe v. City of San Diego, 289 F.R.D. 604, 610 (S.D. Cal. 2013) (citing Zivkovic v. S. Cal. Edison

4

Co., 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.")) (striking without leave to amend). Therefore, Officer Defendants' third affirmative defense is stricken without leave to amend.

### E. Fifth Affirmative Defense: Reasonable Force

Plaintiffs seek to strike Officer Defendants' fifth affirmative defense, which states "that any force used upon the [decedent] was reasonable and necessary." (Bratton Answer 12; Lockie Answer 12.) Plaintiffs argue "reasonable force" "is not an affirmative defense; it is a redundant denial of the Third Amended Complaint's allegations." (Mot. 10:11–12.)

Plaintiffs cite Devermont v. City of San Diego, No. 12-CV-01823 BEN KSC, 2013 WL 2898342 (S.D. Cal. June 14, 2013), to support their argument. In Devermont, "[d]efendants contend[ed] that the police 'attempted to persuade the [p]laintiffs to follow directions and in doing so, only used force necessary for the occasion.'" Id. at *6. The court struck this affirmative defense from the pleading, explaining that "[d]efendants are attacking Plaintiff's prima facie case [for Fourth Amendment excessive force and related state law assault and battery], not pleading matters extraneous to that case." Id. Officer Defendants oppose, but fail to meaningfully distinguish Devermont's reasoning. (Opp'n 9:16–24.)

"The Court interprets [Officer Defendants' fifth affirmative] defense as a denial that [decedent] was subjected to 'unreasonable force,' an essential element of Plaintiff [Sukhwinder Kaur]'s Fourth Amendment excessive force claim . . . ." Devermont, 2013 WL 2898342, at *6 (citing Gregory v. Cty. of Maui, 523 F.3d 1103, 1106 (9th Cir. 2008)). (Third Am. Compl. ¶ 70, ECF No. 88.) Plaintiffs fail to show that "reasonable force" is not an affirmative defense to Plaintiffs' other claims against Officer Defendants. Therefore, this portion of Plaintiffs' motion is granted as to Plaintiff Sukhwinder Kaur's Fourth Amendment excessive force claim and denied as to Plaintiffs remaining claims against Officer Defendants.

### F. Sixth Affirmative Defense: Qualified Immunity

Plaintiffs seek to strike Officer Defendants' sixth affirmative defense asserting that "qualified immunity is an affirmative defense available to individual defendants against 42 U.S.C. § 1983 claims, [but] it is not a defense that applies to every one of Plaintiffs' claims, which

originate in both federal and state law." (Mot. 11:9–11.) Officer Defendants agree that this affirmative defense applies to Plaintiffs' § 1983 claims. (Opp'n 10:11–13.) Since Plaintiffs have fair notice of this affirmative defense, and its application to Plaintiffs' § 1983 claims, this portion of Plaintiffs' motion is denied.

### H.   Seventh Affirmative Defense: Self-Defense

Officer Defendants assert in their seventh affirmative defense: "B[ratton/Lockie] contends that at all times during the incident he properly engaged in self-defense thereby staving off deadly force employed by the plaintiff."[2] (Bratton Answer 13; Lockie Answer 13.) Plaintiffs argue, *inter alia*, "this is not an affirmative defense, but rather a redundant denial of the Third Amended Complaint's allegations." (Mot. 11:23–24.) However, Plaintiffs have not explained how self-defense, an affirmative defense in certain contexts, is a redundant denial of the Third Amended Complaint's allegations against Officer Defendants. Therefore, Plaintiffs have not shown Officer Defendants' seventh affirmative defense must be stricken from the pleadings on redundancy grounds.

### I.   Eighth Affirmative Defense: Assumption of Risk

Plaintiffs seek dismissal of Officer Defendants' eighth affirmative defense asserting assumption of risk by Plaintiffs. The parties agree that this affirmative defense applies to Plaintiffs' state claims. (Mot. 12:22–23; Opp'n 11:19–21.) Plaintiffs argue the eighth affirmative defense "[m]erely recit[es] a legal doctrine, without alleging facts supporting the doctrine's application in the case." (Mot. 13:3–4 (citation omitted).) Assumption of risk is an affirmative defense listed in Rule 8(c)(1). Here, Officer Defendants sufficiently state the nature and grounds for the affirmative defense to Plaintiffs as required by the fair notice standard.

Plaintiffs also argue this affirmative "defense is cruel, offensive, and not permitted." (Mot. 13:21–22.) However, as explained above, Rule 8(b) only requires that the pleading provide Plaintiffs with fair notice of the nature and grounds of the affirmative defense, which Officer Defendants do here; it does not require Officer Defendants to prove that they will ultimately prevail. See Rapp, 2013 WL 358268, at *7.

---

[2]   The Court interprets "plaintiff" to refer to decedent.

Lastly, Plaintiffs argue "this affirmative defense is merely Officer Defendants' redundant assertion of 'comparative negligence.'" (Mot. 13:25–26.) The Court is not persuaded that this affirmative defense should be stricken on redundancy grounds. Therefore, this portion of Plaintiffs' motion is denied.

### J.   Ninth Affirmative Defense: Good Faith

Officer Defendants "concede that this affirmative defense is redundant of the [q]ualified [i]mmunity affirmative defense." (Opp'n 13:4–5.) Therefore, Plaintiffs' motion to strike Officer Defendants' ninth affirmative defense is granted on redundancy grounds without leave to amend.

### K.   Tenth Affirmative Defense: Probable Cause

Plaintiffs seek to strike Officer Defendants' tenth affirmative defense, which states: "B[ratton/Lockie] had probable cause to stop and detain the decedent for purposes of investigating the alleged attack of [Plaintiff] S[ukhwinder] K[aur] and investigate the status of [decedent's] mental health for purposes of conducting a Welfare and Institutions Code section 5150 et seq." (Bratton Answer 13; Lockie Answer 13.) Plaintiffs argue that "this is not an affirmative defense but rather a redundant denial of the Third Amended Complaint's allegations." (Mot. 15:23–24.) Plaintiffs cite, *inter alia*, Devermont for this proposition. Devermont, however, denied plaintiff's motion to strike an affirmative defense asserting probable cause. Devermont, 2013 WL 2898342, at *7; see also Roe, 289 F.R.D. at 612 (denying motion to strike affirmative defense asserting probable cause). Further, the Court finds Plaintiffs have fair notice. See Roe, 289 F.R.D. at 612 (finding plaintiff had fair notice since the "defense specifically refer[ed] to the [d]efendant officers' contact with [p]laintiff, which according to her complaint is one discrete instance with two officers"). Therefore, Plaintiffs' motion to strike Officer Defendants' tenth affirmative defense is denied.

### III. CONCLUSION

For the stated reasons, Plaintiffs' motion is granted in part and denied in part. Specifically, the Court DENIES Plaintiffs' motion to strike Officer Defendants' first, second, fourth, sixth, seventh, eighth, and tenth affirmative defenses.  The Court STRIKES WITHOUT LEAVE TO

7

AMEND Officer Defendants' third and ninth affirmative defenses. As for Officer Defendants' fifth affirmative defense, the Court STRIKES WITHOUT LEAVE TO AMEND this defense as to Plaintiff Sukhwinder Kaur's Fourth Amendment excessive force claim, and DENIES Plaintiffs' motion to strike the fifth affirmative defense as to Plaintiffs' remaining claims against Officer Defendants.

   IT IS SO ORDERED.

Dated: February 16, 2016

                   Troy L. Nunley
                   United States District Judge