UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUKHWINDER KAUR, individually and as the successor in interest for the Decedent PARMINDER SINGH SHERGILL; KULBINDER KAUR SOHOTA; SARABJIT SINGH SHERGILL,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LODI; CITY OF LODI POLICE DEPARTMENT; MARK HELMS, in his individual capacity as the Chief of Police for the City of Lodi; SCOTT BRATTON, in his individual capacity as a City of Lodi Police Officer; ADAM LOCKIE, in his individual capacity as a City of Lodi Police Officer,<br><br>Defendants. | No. 2:14-cv-00828-TLN-AC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO STRIKE** |

Plaintiffs seek an order striking nine affirmative defenses asserted by Defendants City of Lodi, City of Lodi Police Department ("Lodi Police Department"), and Mark Helms (collectively, "Defendants") in their Joint Amended Answer to the Third Amended Complaint. (Pls.' Mot. to Strike Affirmative Defenses ("Mot."), ECF No. 108.) Plaintiffs' motion is brought under Federal Rule of Civil Procedure ("Rule") 12(f). (Mot. 1:24.) For the reasons stated below, Plaintiffs' motion to strike is GRANTED IN PART and DENIED IN PART.

**I. LEGAL STANDARD**

A.  <u>Motion to Strike</u>

Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

"[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).  However, Rule 12(f) motions "are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003).  "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." Id. (citation omitted).  Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings. Wyshak v. City Nat'l Bank, 607 F.2d 824, 826 (9th Cir. 1979); see also Fed. R. Civ. P. 15(a)(2).

An affirmative defense may constitute "an insufficient defense" under Rule 12(f) either as a matter of law or as a matter of pleading.  Kohler v. Islands Rests., LP, 280 F.R.D. 560, 563–64 (S.D. Cal. 2012).  An affirmative defense is insufficient as a matter of law if it "lacks merit under any set of facts the defendant might allege." Dodson v. Strategic Rests. Acquisition Co. II, LLC, 289 F.R.D. 595, 603 (E.D. Cal. 2013) (citation and internal quotation marks omitted).  An affirmative defense is insufficient as a matter of pleading if it fails to satisfy the applicable pleading standard.

   B.  Pleading Standard

The parties dispute which pleading standard applies to Plaintiffs' motion. Plaintiffs argue that the heightened pleading standard explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), applies.  (Mot. 2:1–3.)  This standard requires a party alleging a claim to include enough facts in the claim to evince that the claim "is plausible on its face." Twombly, 550 U.S at 570.

Defendants argue that "the Ninth Circuit has continued to recognize the 'fair notice' standard of affirmative defense pleading even after Twombly and Iqbal[,] and because other Courts in this District have now consistently declined to apply Twombly and Iqbal to affirmative defenses, this Court should apply the 'fair notice' standard." (Defs.' Opp'n to Mot. ("Opp'n") 4:13–16, ECF No. 113.)  Under the fair notice pleading standard, "[t]he key to

determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." Wyshak v. City Nat. Bank, 607 F.2d 824, 827 (9th Cir. 1979).

The Court applies the Wyshak "fair notice" pleading standard in this instance, consistent with other courts within the Eastern District of California. Aubin Indus., Inc. v. Caster Concepts, Inc., No. 2:14-CV-02082-MCE, 2015 WL 3914000, at *6 (E.D. Cal. June 25, 2015) (England, C.J.). Under this standard, a defendant is only required to "state the nature and grounds for the affirmative defense." Kohler v. Islands Rests., LP, 280 F.R.D. at 564 (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). The pleadings are only required to describe each defense in "general terms," as long as it gives the plaintiff fair notice of the nature of the defense. Kohler v. Flava Enters., Inc., 779 F.3d 1016, 1019 (9th Cir. 2015).

**II. ANALYSIS**

A. <u>Asserted Failure to Identify Which Claim or Claims the Asserted Affirmative Defenses Are Applicable To</u>

Plaintiffs move to strike each affirmative defense, arguing "every single affirmative defense asserted by [City of Lodi and Lodi Police Department] is 'insufficient' under Rule 12(f) because each one fails to identify to which claim or claims it is applicable." (Mot. 4:4–6.) Defendants counter that "Plaintiffs['] support for the proposition that Defendants are required to identify which claim or claims the asserted affirmative defenses are applicable to does not stand for this contention," and Defendants' "amended answer pleads facts to show how each affirmative defense is applicable to the case at bar." (Opp'n 5:2–4, 27–28.)

Plaintiffs' reliance on, *inter alia*, Byrne v. Nezhat, 261 F.3d 1075 (11th Cir. 2001), abrogated on other grounds as recognized by Nurse v. Sheraton Atlanta Hotel, 618 F. App'x 987, 990 (11th Cir. 2015), is inapposite. There, "[defendant]'s answer to the amended complaint asserted twenty-six affirmative defenses, most of which were pled in one sentence. . . . [B]ecause they addressed the amended complaint as a whole they were, as a practical matter, . . . vague and ambiguous . . . ." Id. at 1129. Here, Defendants' asserted affirmative defenses are not vague and ambiguous and are therefore unlike the "shotgun" pleading present in Byrne. Moreover, Plaintiffs have not shown that Defendants are required as a matter of pleading to "identify to

3

which claim or claims [the asserted affirmative defense] is applicable." (Mot. 4:5–6.) Therefore, this portion of Plaintiffs' dismissal motion is denied.

      B.      First Affirmative Defense: Good Faith

Defendants assert in their first affirmative defense:

> That at all times mentioned in the complaint on file herein and immediately prior thereto, defendants City of Lodi, Lodi Police Department and Chief Mark Helms acted in good faith in all training, hiring, policy making, policy implementation, employment decisions, policy decisions, investigations, and determinations arising from such regarding contact with mentally ill persons, use of force, tactical considerations arising therefrom, and investigation tactics related to the same.

(Defs.' Answer to Third Am. Compl. ("Answer") 14, ECF No. 90.)

The parties agree "that municipalities are not immune from liability for good faith constitutional violations." (Opp'n 6:11–12 (citation and internal quotation marks omitted); Mot. 6:3–4.) Thus, good faith is not an affirmative defense, and therefore, this portion of Plaintiffs' motion is granted. As such, the first affirmative defense asserted by City of Lodi and Lodi Police Department is stricken without leave to amend.

As to the first affirmative defense asserted by Helms, Plaintiffs argue "[t]his is not an affirmative defense" since "Defendants seek to negate the intent Plaintiff is required to prove for an award of punitive damages." (Mot. 5:13, 5:25–26 (citation omitted).) They further argue the first affirmative defense is vague. (Mot. 6:17–18.) Helms responds that: "By alleging such actions were in good faith, [Helms] ha[s] provided fair notice of the qualified immunity defense to Plaintiffs." (Opp'n 6:9–10.)

The first "affirmative defense[] put[s] [Plaintiffs] on notice that . . . [Helms] will argue that [his] alleged wrongful conduct . . . was carried out in good faith." Roe v. City of San Diego, 289 F.R.D. 604, 609 (S.D. Cal. 2013). Helms need not elaborate further at this stage in the litigation. Id. Accordingly, Plaintiffs' motion to strike the first affirmative defense asserted by Helms is denied.

      C.      Second and Fifth Affirmative Defenses: California Government Code Section 820.2

City of Lodi and Lodi Police Department assert in the second affirmative defense:

4

> The decisions of the City [of Lodi] and [Lodi] Police Department employees as to supervision and retention of employees are management decisions which entitle them to immunity under California Government Code [section] 820.2. Thus Defendants City of Lodi and Lodi Police Department assert they are immune under California Government Code [section] 815.2.

(Answer 14.)

Plaintiffs seek to strike the second affirmative defense, arguing it is vague. (Mot. 7:7.) They further argue "Defendants' failure to explicitly identify which Defendant this defense is asserted on behalf of leaves Plaintiffs to gamble on interpreting an insufficient defense in the manner [ . . . Defendants] intended." (Mot. 7:10–12 (brackets in original) (citations and internal quotation marks omitted).)

Section 820.2 provides: "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." Cal. Gov't Code § 820.2.

Further, section 815.2(b) provides in pertinent part: "a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability." Id. § 815.2(b). Here, the asserted defense indicates that Defendants will argue that the City of Lodi and Lodi Police Department share in any immunity enjoyed by the employees. Therefore, the second affirmative defense provides fair notice.

Plaintiffs also argue the second and fifth[1] affirmative defenses are insufficient as a matter of law, since "the 'supervision and retention of employees' is explicitly recognized as a non-discretionary function to which immunity under California Government Code section 820.2 does not apply." (Mot. 7:16–17 (emphasis removed).)

"Federal courts are very reluctant to determine disputed or substantial issues of law [such as a discretionary versus non-discretionary functions] on a motion to strike; these questions quite properly are viewed as best determined only after further development."

---

[1] In the fifth affirmative defense, "Helms asserts he is immune from liability for any discretionary acts directly done by him including the hiring, supervision, and retention of employees of the . . . Lodi Police Department under California Government Code [section] 820.2." (Answer 15.)

Hernandez v. Balakian, No. CV-F-06-1383 OWW/DLB, 2007 WL 1649911, at *1 (E.D. Cal. June 1, 2007) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381 (3d ed.).  This portion of Plaintiffs' motion concerns substantial issues of law.  Therefore, their motion to strike is denied.

        D.        Third Affirmative Defense: California Government Code Section 821.6

"City of Lodi and Lodi Police Department assert they are immune under California Government Code [section] 821.6 for any investigative actions taken by their employees throughout the course of contacting and engaging [decedent] Parminder Shergill" in the third affirmative defense.  (Answer 15.)  Section 821.6 provides in pertinent part: "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause."  Cal. Gov't Code § 821.6.  "[T]he statute also 'extends to actions taken in preparation for formal proceedings,' including actions 'incidental to the investigation of crimes.'"  Blankenhorn v. City of Orange, 485 F.3d 463, 488 (9th Cir. 2007) (quoting Amylou R. v. Cty. of Riverside, 28 Cal. App. 4th 1205, 1211 (1994)).

Plaintiffs argue that the Court should strike City of Lodi's and Lodi Police Department's third affirmative defense, contending that it "makes no sense because those municipal Defendants are not '[a] public employee' to which California Government Code section 821.6 applies."  (Mot. 8:12–14 (alteration in original).)  However, this defense provides notice that City of Lodi and Lodi Police Department will argue that their employees are entitled to immunity, and therefore, City of Lodi and Lodi Police Department are immune as well under section 815.2(b).  (See Answer 14:27–28.)  At this juncture in the litigation, notice is the only thing required, not proof.  See Hernandez, 2007 WL 1649911, at *1 (E.D. Cal. June 1, 2007).  Since this portion of Plaintiffs' motion concerns substantial questions of law, and the asserted affirmative defense provides fair notice, Plaintiffs' motion to strike the third affirmative defense is denied.

///

///

   E.  Fourth Affirmative Defense: California Government Code Section 856

   In the fourth affirmative defense, "Defendants City of Lodi and Lodi Police Department assert that they are immune under California Government Code [section] 856 for their employees['] determination to confine or not confine [decedent] Shergill for mental illness for each and every contact with him." (Answer 15.) As pertinent here, section 856 prohibits a public entity's or public employee's liability for injuries resulting from determining "[w]hether to confine a person for mental illness." Cal. Gov't Code § 856.

   Plaintiffs move to strike this affirmative defense, arguing "this affirmative defense . . . fails as a matter of law, because the asserted immunity does not apply to the facts of this case," and "is insufficiently pled, because how [the fourth affirmative defense] applies to this case is not explained or supported by any factual allegations." (Mot. 9:27–29, 10:6–7 (emphasis removed).)

   Again, the Court finds that determining substantive matters on a motion to strike is inappropriate. See Hernandez, 2007 WL 1649911, at *1 (finding that it is inappropriate "to determine disputed or substantial issues of law on [this] motion to strike"). This defense provides notice that City of Lodi and Lodi Police Department will argue that their employees are entitled to immunity, and therefore, City of Lodi and Lodi Police Department are immune as well under section 815.2(b). (See Answer 14:27–28.) Therefore, this portion of Plaintiffs' motion, seeking to strike the fourth affirmative defense, is denied.

   F.  Sixth Affirmative Defense: Contributory Negligence

   Defendants assert in the sixth affirmative defense that decedent Shergill and Plaintiff Sukhwinder Kaur were contributorily negligent, and Defendants identify which of their acts allegedly demonstrate contributory negligence. (Answer 15–16.) Plaintiffs move to strike Defendants' sixth affirmative defense, arguing it "is not an affirmative defense" and characterizing it as an improper "'preemptory' defense, in the event that a finding of liability is made." (Mot. 11:17, 11:25–26.) Plaintiffs further argue "the last sentence of the 'affirmative defense' pleads 'mere legal conclusions.'" (Mot. 12:4–5 (citation omitted).)

7

Contributory negligence is an affirmative defense listed in Rule 8(c)(1). This affirmative defense in its entirety provides Plaintiffs with fair notice of Defendants' intent to argue decedent Shergill's and Plaintiff Sukhwinder Kaur's negligence in connection with the incident. Therefore, this portion of Plaintiffs' motion is denied.

### G. Seventh Affirmative Defense: Failure to Mitigate Damages

Defendants assert in the seventh affirmative defense: "To the extent that Plaintiff Sukhwinder Kaur alleges ongoing emotional damages, she has failed to seek counseling or otherwise mitigate her damages." (Answer 16.) Plaintiffs argue the seventh affirmative defense should be stricken, since "Plaintiff [Sukhwinder] Kaur has no idea what . . . Defendants are referring to when they allege that she could 'otherwise mitigate her damages.'" (Mot. 12:16–17 (emphasis removed).)

This Court disagrees, the affirmative defense gives fair notice to Plaintiff Sukhwinder Kaur of her alleged failure to mitigate, i.e., her alleged failure to seek counseling to mitigate ongoing emotional damages. Moreover, "'[c]ourts have typically held that a generalized statement . . . meets [a party's] pleading burden with respect to the affirmative defense of damage mitigation." Eurow & O'Reilly Corp. v. Superior Mfg. Grp., Inc., No. CV 14-6595-RSWL VBKX, 2015 WL 1020116, at *3 (C.D. Cal. Mar. 6, 2015) (alterations in original) (citation and internal quotation marks omitted); see also Hamilton v. Quinonez, No. 1:14-CV-1216-LJO, 2015 WL 1238245, at *4 (E.D. Cal. Mar. 17, 2015) report and recommendation adopted, No. 1:14-CV-1216-LJO-MJS, 2015 WL 1606969 (E.D. Cal. Apr. 9, 2015) (applying Iqbal/Twombly pleading standard to affirmative defenses). Therefore, Plaintiff Kaur's motion to strike the seventh affirmative defense is denied.

### H. Eighth Affirmative Defense: Qualified Immunity for Officer Defendants

Helms asserts in the eighth affirmative defense

> that [Officer] Defendants Bratton and Lockie are entitled to qualified immunity for all acts complained of in the Third Amended Complaint. Chief Mark Helms asserts that [Officer] Defendants Bratton and Lockie acted reasonably at all times. If they were mistaken in their belief that their actions were reasonable, they are entitled to qualified immunity. Their entitlement to qualified immunity constitutes a complete defense to any liability on behalf

> of Chief Helms for any ratification of [Officer] Defendants Bratton and Lockie's actions.

(Answer 16.)

Plaintiffs assert that Helms does not have standing to assert an affirmative defense which can be asserted by Officer Defendants Bratton and Lockie. This Court agrees. Accordingly, Plaintiffs' motion to strike the eighth affirmative defense is granted without leave to amend.

    I.    <u>Tenth Affirmative Defense: Immunity</u>

City of Lodi and Lodi Police Department assert in the tenth affirmative defense that

> they are immune because at all times mentioned in the complaint on file herein, and immediately prior thereto, [Officer] Defendants Bratton & Lockie acted in self-defense and in defense of others when they: attempted to contact [decedent] Shergill after he assaulted a family member because he refused to take prescribed psychiatric medications, attempted to stop Parminder Shergill from inflicting harm on family members after he drew a knife and proceeded to the family home, used force to stop [decedent] Shergill from attacking Officer[ Defendant]s Bratton and Lockie.

(Answer 16.)

Plaintiffs argue: "This defense insufficiently asserts immunity on behalf of . . . City of Lodi and . . . Lodi Police Department, but what type of asserted immunity and the source of that asserted immunity is unstated and unidentified." (Mot. 13:25–27.) City of Lodi and Lodi Police Department assert, *inter alia*, "the applicable immunity addresses state law claims." (Opp'n 16:23.)

This defense provides notice that City of Lodi and Lodi Police Department will argue "the [Officer Defendants Bratton and Lockie] cannot be liable, [and therefore] there is no basis for respondeat superior liability against the c[i]ty defendants [under section 815.2(b)]." <u>Martinez v. Cty. of Los Angeles</u>, 47 Cal. App. 4th 334, 350 (1996). Therefore, this portion of Plaintiffs' motion is denied.

///

///

### III. CONCLUSION

For the reasons stated, Plaintiffs' motion to strike is GRANTED IN PART and DENIED IN PART. Specifically, the Court DENIES Plaintiffs' motion to strike the second, third, fourth, fifth, sixth, seventh, and tenth affirmative defenses. The Court STRIKES WITHOUT LEAVE TO AMEND the eighth affirmative defense. As for the first affirmative defense, the Court STRIKES WITHOUT LEAVE TO AMEND the first affirmative defense asserted by City of Lodi and Lodi Police Department, and DENIES Plaintiffs' motion to strike the first affirmative defense asserted by Helms.

IT IS SO ORDERED.

Dated: February 16, 2016

Troy L. Nunley
United States District Judge