UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUKHWINDER KAUR, et al., | No. 2:14-cv-0828 GEB AC |
| Plaintiffs, | |
| v. | ORDER DENYING PLAINTIFFS' MOTION FOR SANCTIONS |
| CITY OF LODI, et al., | |
| Defendants. | |

This is an excessive force action brought by the decedent's (Parminder Singh Shergill) estate, his mother and two siblings, against the two City of Lodi police officers – Miles Scott Bratton and Adam Lockie (the "officer defendants") – who shot and killed the decedent. Plaintiffs also sue the City, its police department and the Chief of Police (the "City defendants"). The case is proceeding on the Third Amended Complaint. ECF No. 88.

Plaintiffs have filed a motion for sanctions, seeking to preclude all defendants from using late-produced discovery, and attorneys' fees. ECF No. 194. The late-produced discovery is: (1) the contents of decedent's notebook (LODI|007817-7856); and (2) the contents of decedent's wallet (LODI|007857-7887). This matter came on for hearing on May 25, 2016 and was taken under submission.

Although plaintiffs cannot be faulted for presenting this motion to the magistrate judge, the undersigned concludes that the motion, in this case, is most properly viewed as an *in limine*

1

1  motion. Accordingly, for the reasons that follow, the undersigned will deny the motion without
2  prejudice. However, in an effort to assist the district judge in the event the motion is presented to
3  him, and to avoid unnecessary duplication of judicial effort, the undersigned sets forth below the
4  factual background of this motion.

## I. BACKGROUND

The day of the shooting was January 25, 2014. That day, Officer Holz, a Lodi police officer, collected items from the scene of the shooting and booked them into evidence. See ECF No. 196-1 at 6-13 (Holz Report ("Exh. A" to McTavish Decl.)). Among the items Holz collected and booked into evidence was a "brown wallet partially open with DL belonging to Parminder Shergill." ECF No. 196-1 at 9. Holz also took photos of the scene, which included a photo of the wallet. See ECF No. 196-1 at 49 (photo).

On January 29, 2014, Officer Redding, another Lodi police officer, together with "Investigator Faine," searched the decedent's bedroom. See ECF No. 196-1 at 46-47 ("Exh. C" to McTavish Decl.)). There, Faine found "a black, spiral notebook," which he looked through. Faine found "two pages of interest." Id. at 46. Officer Redding photographed the notebook, and "the entry quoted above."[1] Id.; Id. at 51-52 (photos). Faine "went through the entire notebook and found no other noteworthy entries." Id. at 46 (emphasis added). Faine and Officer Redding collected the notebook and booked it into evidence "at Lodi PD on 01/31/14." Id. at 47.

That same day, January 29, 2014 (before the lawsuit was filed), plaintiffs' lawyer wrote to Police Chief Helms, San Joaquin County D.A. James P. Willett, Lodi Police Captain Todd Patterson, Faine, and "Jack S. Johal, Esq.," requesting that "the diary be returned immediately." Counsel received no response. ECF No. 194-1 at 2 ¶ 5 (Merin Decl.). Plaintiffs never renewed this request after filing suit, nor asked for it during discovery.

On July 18, 2014, all defendants served their initial disclosures on plaintiffs. See ECF No. 194-1 at 14-25. Among the items disclosed were the following regarding the wallet:

---

[1] The only photos are of the cover and one internal page, although the report indicates there are "two pages" of interest.

2

- LODI|90:[2] Property list, including at No. 30, a description of decedent's wallet.
- LODI|484:[3] Officer Holz's report, including his description of the decedent's wallet.
- LODI|2322:[4] Photo of the wallet.

Also disclosed were the following regarding the notebook:

- LODI|100:[5] At No. 70 of the property list, "Notebook with journal entries."
- LODI|151-52:[6] Officer Redding's Report, including his description of the decedent's notebook.
- LODI|2289[not legible]-2290:[7] Photos of the notebook.

On February 17, 2016, the day before discovery closed, plaintiffs requested, and defendants granted, access to items in the City defendants' evidence locker. ECF No. 196-1 at 2-3 ¶¶ 10-14. On March 2, 2016, plaintiffs' counsel inspected decedent's wallet and discovered that there were receipts inside. Id. at 3 ¶ 17. According to defendants, this was the first time they became aware of the existence of these receipts. Id. ¶ 18. Plaintiffs requested production of copies of the contents of the wallet. Id. ¶ 19. Plaintiffs' counsel also inspected the decedent's notebook and requested copies of the notebook entries. Id. ¶ 21-23.

On April 6, 2016, the City defendants filed Supplemental Disclosures, and produced the contents of the wallet and the notebook. ECF No. 194-1 at 27-28. It appears that the officer defendants did not file a Supplemental Disclosure, and that they did not join in the City's.

In the Supplemental Disclosure, City defendants disclosed for the first time that they intended to introduce the contents of decedent's wallet into evidence, comprising 31 items (LODI|7858-7887), not just the driver's license, "BofA" card and "various cards" described in their initial disclosures. The contents of the wallet included receipts for the purchase of liquor, indicating, as the officer defendants put it, "that the Decedent was purchasing alcoholic beverages in the early morning hours of January 25, 2014, just before the incident that gives rise to this lawsuit." ECF No. 198 at 2. City defendants also disclosed for the first time that they intended to introduce 50 pages from the notebook (LODI|7817-7856), not just the one page (LODI|7849)

---

[2] ECF No. 196-1 at 22.
[3] ECF No. 196-1 at 9.
[4] ECF No. 196-1 at 49.
[5] ECF No. 196-1 at 32.
[6] ECF No. 196-1 at 46-47.
[7] ECF No. 196-1 at 51-52.

provided in defendants' initial disclosures.

## II. PROCEDURAL POSTURE OF THE MOTION

This is a Rule 37(c)(1) motion, seeking the sanction of precluding defendants from using late-filed discovery. See Fed. R. Civ. P. ("Rule") 37(c)(1) ("If a party fails to provide information . . . as required by Rule 26(a) . . . the party is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless"). The motion also seeks the payment of plaintiffs' counsels' fees incurred in bringing the motion. See Rule 37(c)(1)(A) (authorizing payment of reasonable expenses).

The Local Rules of this court provide that the magistrate judges are to hear and determine "discovery motions, including Fed. R. Civ. P. 37 motions." This Rule recognizes that the magistrate judge is usually in the best position to determine whether the conduct complained of in the motion is part of a pattern of conduct that might be worthy of an exclusion order, or other sanction. Plaintiffs accordingly presented this motion to the undersigned magistrate judge.

However, when, as in this case, the motion is brought so close upon the heels of the Final Pretrial Conference (through no fault of plaintiffs'), the *in limine* nature of this motion comes more clearly into focus. Among other things, one possible remedy for the complained-of discovery violation is for the judge to "inform the jury of the party's failure." Rule 37(c)(1)(B). This is plainly a remedy to be considered by the district judge presiding over the trial. See Dagdagan v. City of Vallejo, 2011 WL 4825652, at *1 (E.D. Cal. Oct. 11, 2011) (Newman, M.J.) (although the magistrate judge may hear the Rule 37(c)(1) motion, "it would be more appropriate for plaintiff's motion to be heard by the trial judge . . . as a motion in limine because the motion concerns the exclusion of testimony at trial"), adopted 2011 WL 5325535 (E.D. Cal. Nov. 3, 2011) (Burrell, J.).

In addition, it appears that the Ninth Circuit views a Rule 37(c)(1) motion as a "sanctions" motion, rather than as a "discovery" motion:

> Rule 37(c)(1) provides that a party failing to provide information required by Rule 26(a) or (e) "is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." As such, CPS's motion in limine was not a motion "relating to discovery

pursuant to [Rules] 26–37." Local Rule 37-1. Rather, it was a motion relating to sanctions pursuant to Rule 37.

Hoffman v. Constr. Protective Servs., Inc., 541 F.3d 1175, 1179 (9th Cir. 2008).

### III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that plaintiffs' motion for sanctions (ECF No. 194), is DENIED without prejudice to its renewal as an *in limine* motion.

DATED: May 26, 2016

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE